T.C. Memo. 2000-198

UNITED STATES TAX COURT

WILLIAM A. HOFFMAN, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14273-99L.                        Filed June 29, 2000.

William A. Hoffman, Jr., pro se.

Karen Nicholson Sommers, for respondent.

MEMORANDUM OPINION

WELLS, Chief Judge:  Respondent issued to petitioner a
Notice of Determination Concerning Collection Actions Under
Section 6320 and/or 6330.  In response to that notice, petitioner
timely filed a Petition for Lien or Levy Action Under Code
Section 6320(c) or 6330(d).  We review for abuse of discretion

respondent's Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330.

On May 23, 1997, respondent issued a notice of deficiency to petitioner determining a deficiency in, additions to, and penalties on petitioner's 1994 Federal income tax. Petitioner received the notice of deficiency and responded to respondent by a letter dated June 8, 1997. Petitioner failed to petition this Court within the time required by section 6213 with respect to the notice of deficiency.

Subsequently, on April 7, 1999, respondent sent petitioner a Final Notice of Intent to Levy pursuant to section 6330. The notice stated that petitioner owed taxes, penalties, and interest totaling $7,729.59 for the 1994 taxable year and that respondent was preparing to collect that amount by levy. The notice stated that petitioner could request a "Collection Due Process Hearing" with respondent's Appeals Office.

On April 21, 1999, respondent received from petitioner a request for a collection due process hearing. On July 14, 1999, petitioner met with Appeals Officer Fred McMullen of the Southern California Appeals Division. At that meeting, petitioner declined to discuss collection alternatives or any facts concerning his tax liability and chose instead to present frivolous arguments. Consequently, Appeals Officer McMullen

determined that the Internal Revenue Service could proceed with the proposed levy.

The relevant parts of section 6330 provide:

SEC. 6330 Notice and Opportunity for Hearing Before Levy.

(a) Requirement of notice before levy.--

    (1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

        *       *       *       *       *       *       *

(b) Right to a fair hearing.--

    (1) In general.-- If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.

        *       *       *       *       *       *       *

(c) Matters considered at hearing.--

        *       *       *       *       *       *       *

    (2) Issues at hearing.--

        (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

            (i) appropriate spousal defenses;

            (ii) challenges to the appropriateness of collection actions; and

            (iii) offers of collection alternatives, which may  include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

* * * * * * *

(d) Proceeding after hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); * * *.

In a recent opinion, Goza v. Commissioner, 114 T.C. 176 (2000), the taxpayer received a notice of deficiency and failed to petition this Court for redetermination with respect thereto. At the due process hearing pursuant to section 6330(b), the taxpayer challenged the underlying deficiency on constitutional grounds. The Commissioner issued a determination letter to the taxpayer, and the taxpayer timely filed a petition for review with this Court. The Court granted the Commissioner's motion to dismiss the petition for failure to state a claim on the grounds that the taxpayer could not challenge the underlying deficiency. The Court held that a taxpayer who received a notice of deficiency and failed to file a petition for redetermination of that deficiency with this Court was precluded from later

contesting the underlying deficiency in a proceeding in this Court under section 6330(d).

Petitioner does not dispute that he received a notice of deficiency and failed to file a timely petition with this Court pursuant to section 6213 for redetermination of that deficiency. Petitioner further does not dispute that he failed to raise any of the issues listed in section 6330(c)(2)(A) at the July 14, 1999, meeting with respondent's Appeals Office. Rather, petitioner continues to put forth frivolous arguments that have been universally rejected by this and other courts. Because, however, petitioner received a notice of deficiency and failed to file a timely petition with this Court for redetermination of that deficiency, he is precluded from raising any issue regarding his underlying tax liability at this time. Consequently, we sustain respondent's determination in the Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330.

Petitioner perhaps did not realize the frivolity of his petition in the instant case. Accordingly, we warn petitioner that pursuant to section 6673 we are authorized to impose a penalty of up to $25,000 on taxpayers who institute proceedings merely for delay or who set forth in a proceeding a position that is frivolous or groundless. Petitioner should bear that fact in mind in connection with any further proceedings which he may institute in this Court.

To reflect the foregoing,

$$\underline{\text{Decision will be entered}}$$

$$\underline{\text{for respondent}}.$$