T.C. Memo. 2002-2

UNITED STATES TAX COURT

ESTATE OF DONNY DAVID DOSTER, DECEASED, JIMMY MACK DOSTER,
INDEPENDENT EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9411-00L.                    Filed January 4, 2002.

<u>Walker Arenson</u> and <u>Robert A. Helms</u>, for petitioner.

<u>Carol B. Reeve</u>, <u>Marilyn S. Ames</u>, and <u>Gordon P. Sanz</u>, for

respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether:  (1)

Respondent's reconsideration of his denial of the estate's

section 6161[1] extension request was an abuse of discretion; (2) respondent's denial of the estate's request for abatement of a section 6651(a)(2) addition to tax for failure to pay was an abuse of discretion; and (3) respondent's determination sustaining the proposed collection action was an abuse of discretion.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. When the petition was filed, petitioner's representative, Jimmy Mack Doster, Independent Executor (executor), resided in Sulphur Springs, Texas. At the time of his death, Donny David Doster was domiciled in Texas.

On February 5, 1997, Donny Doster and his wife, Judy Doster, won a $35.3 million Texas lottery jackpot (Lotto), payable in 20 annual installments of $1,768,000. On March 15, 1997, the Dosters formed Texas East-West Limited Partnership to collect and invest the Lotto proceeds. Mr. and Mrs. Doster each received a 2-percent general partnership interest and a 48-percent limited partnership interest.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On July 30, 1997, Mr. Doster died.  On that date, Mr. Doster's interest in the partnership, which passed to his estate, consisted primarily of the right to receive half of each of the 19 remaining Lotto installments.  Texas law prohibited the sale or assignment of such installments.

I.    Request for Extension of Time To Pay Estate Taxes

On April 29, 1998, the estate filed Form 706, United States Estate Tax Return, reporting estate tax liability of $1,730,845.  The Form 706 stated that the gross estate's value was $5,110,517, which included Mr. Doster's share of the partnership, valued at $4,428,616.  The Form 706 also stated that the estate was entitled to deductions for funeral expenses, debts of decedent, and interests passing to the surviving spouse of $55,019, $4,507, and $243,850, respectively.

Accompanying the return was a payment of $346,169 and Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes (extension request), in which the estate sought permission to pay the $1,419,430 balance over 10 years.  The estate contended it had reasonable cause for an extension because it could not "borrow * * * except at a rate of interest higher than that generally available", or sell its interest in the Lotto installments.  The estate further contended that liquidation of the partnership interest would not yield a

reasonable amount of proceeds and, thus, would result in undue hardship.

## II.   Notice of Assessment and Demand for Payment

On June 1, 1998, respondent assessed the reported $1,730,845 estate tax liability, interest of $12,181, and a $17,308 section 6651(a)(2) addition to tax for failure to timely pay (addition to tax).  That day respondent sent the estate the notice of assessment and demand for payment (notice and demand), which included an explanation of the addition to tax and the procedure to request relief.

## III.   Denial of Extension Request

On October 9, 1998, respondent denied the extension request because:

> A discretionary extension of time to pay for reasonable
> cause under section 6161(a)(1) may not exceed 12 months
> and under 6161(a)(2) may not exceed 10 years; therefore
> you have to apply one year at a time & establish why
> the executor can not full[y] pay the estate tax due.
> There are sufficient estate assets (and partnership
> assets) that the heirs can borrow against to satisfy
> the Federal estate tax liability.

On October 19, 1998, the estate appealed the denial.  On December 8, 1998, and January 5, 1999, by teleconference, the Appeals officer and the estate's attorneys discussed the appeal. On December 8, 1998, the estate's attorneys provided copies of a loan application rejection from the executor's bank and, on

January 22, 1999, a copy of the partnership's limited partnership agreement. The Appeals Office (Appeals) informed petitioner's counsel that it was sustaining respondent's denial. In a letter dated February 11, 1999 (Appeals' denial), respondent informed the estate that the estate's creditors must be paid before beneficiaries; the estate had sufficient liquidity to pay the tax; and the estate could borrow additional funds if necessary.

On February 9, 1999, respondent sent the estate a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On March 3, 1999, respondent received the estate's Request for a Collection Due Process Hearing, Form 12153. At the section 6330 hearing (hearing), on April 28, 1999, the estate presented evidence that it had sought to obtain a loan to pay the tax. Between May 5, 1999, and June 15, 2000, the Appeals officer and the estate's attorneys had several telephone conferences to discuss the estate's continued efforts to secure a loan and various other issues raised at the hearing.

IV. Denial of Abatement Request

On June 16, 1999, more than 1 year after respondent sent the notice and demand, the estate requested an abatement of the section 6651(a)(2) addition to tax (request for abatement). On June 30, 1999, respondent denied the estate's request and

asserted that the estate had not shown that its failure to pay was due to reasonable cause.

Effective September 1, 1999, the Texas legislature amended Tex. Govt. Code Ann. sec. 466.410 (Vernon Supp. 2001) to allow assignment of future lottery payments. On September 9, 1999, the estate appealed respondent's abatement request denial and asserted that, prior to the September 1 effective date, neither the estate nor the partnership could have borrowed against the lottery proceeds to pay the estate tax. Appeals, on February 10, 2000, concluded that the estate had sufficient liquidity to pay the estate tax and sustained respondent's denial of the request for abatement.

V. Section 6330 Proceedings

On August 9, 2000, Appeals issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination), sustaining respondent's collection efforts. Appeals determined:

> The North Texas Appeals office previously heard the appeal and denied the extension after an administrative conference in February of 1999. The Appeals Officer found that the estate as of February 1999 had sufficient cash flow to pay the taxes and/or had the ability to borrow to pay the taxes.

> During the course of the CDP proceeding you raised the issue of abating the penalties under IRC §6551(a)(2). Your request was referred to the North Texas District of the I.R.S. for administrative consideration. Your

request was denied.  You appealed the decision and the matter was referred to an Appeals Officer who was not previously involved in the CDP.

The Appellate conferee found that the executor did not exercise ordinary business care and prudence and sustained the assertion of the penalty.

- We have reconsidered your request for extension of time to pay and have concluded that the decision of the appellate conferee was correct and not an abuse of discretion.

- We have reviewed your request for abatement of the penalty and have concluded that the decision of the appellate conferee was correct and not an abuse of discretion.  We did not find that your failure to pay the estate tax was due to reasonable cause.  Since you have previously had an opportunity to dispute this penalty liability in an administrative appeals proceeding, this is not an issue appropriately raised under IRC § 6330.

During the section 6330 proceedings, respondent offered, but the estate refused to accept, an installment agreement that would divert the estate's partnership income stream to respondent until the tax liability was satisfied.

Discussion

## I.    Court's Review of Extension Request Denial

Section 6330 provides taxpayers a right to a hearing before respondent levies on their property.  Pursuant to section 6330(c)(2) the taxpayer may raise, at the hearing, relevant issues relating to the unpaid tax.  A taxpayer may not raise an

issue previously raised and considered in a hearing or other administrative or judicial proceeding in which the taxpayer participated meaningfully. Sec. 6330(c)(4) (preclusion rule). The resulting determination must take into consideration the need for efficient tax collection as well as the legitimate concerns of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3)(C). This Court has jurisdiction to review such determination upon a timely taxpayer request. Sec. 6330(d). Where the underlying liability is not properly at issue, we review respondent's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

After conducting administrative proceedings, on February 11, 1999, Appeals sustained respondent's denial of the extension request. At the hearing, the estate sought review of the Appeals' denial. Respondent contends that, pursuant to the section 6330(c)(4) preclusion rule, the estate may not raise and respondent is not required to address the Appeals' denial. The estate contends that issues raised in proceedings conducted before January 19, 1999, section 6330's effective date, are not subject to the section 6330(c)(4) preclusion rule.

We agree with respondent that there is no authority for the estate's contention that section 6330(c)(4) limits the definition of a "previous administrative * * * proceeding" to one occurring

after section 6330's effective date. See <u>Goza v. Commissioner</u>, <u>supra</u> at 182-183 (holding that receipt of a notice of deficiency issued prior to January 19, 1999, precluded the taxpayer from challenging the underlying liability). We need not decide whether review of Appeals' denial of the extension request is precluded by section 6330(c)(4) because the Appeals' denial was <u>raised</u> by the estate and <u>reconsidered</u> by respondent. Indeed, respondent stated in the determination: "We have reconsidered your request for extension of time to pay and have concluded that the decision of the appellate conferee was correct and not an abuse of discretion." In sustaining the extension denial, the Appellate conferee asserted his objection to allowing distributions to the beneficiary prior to payment of the estate's tax liability, and found unpersuasive the estate's contention that it could not pay the estate tax liability because it could not "borrow * * * except at a rate of interest higher than that generally available". Respondent's refusal to reverse the Appellate conferee's decision was not an abuse of discretion.

## II. The Request for Abatement

The estate contends that it was entitled to raise, and have considered at the hearing, its request for abatement. Respondent contends that this issue could not be raised during the hearing because the estate took advantage of the opportunity to challenge

the addition to tax in a separate administrative proceeding. We need not determine whether the request for abatement was appropriately precluded because it was raised by petitioner and considered and rejected by respondent. Indeed, the determination letter states that "We have reviewed your request for abatement of the penalty and have concluded that the decision of the appellate conferee was correct and not an abuse of discretion. We did not find that your failure to pay the estate tax was due to reasonable cause." The estate failed to establish reasonable cause for its failure to pay timely the estate tax. We conclude that this determination was not an abuse of discretion.

III. Court Review of Collection Alternatives

It was appropriate for respondent to consider the estate's request for an extension insofar as it was proposed or considered as a collection alternative. We conclude that respondent's rejection of such request was not an abuse of discretion.

Respondent is required, pursuant to section 6330(c)(3)(C), to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See also H. Conf. Rept. 105-599 at 264 (1998), 1998-3 C.B. 747, 1018. Respondent did so, even though his consideration of this issue was sometimes couched as a

review of the Appeals' denial. Respondent offered to allow the estate to pay the tax and addition to tax by diverting all of the estate's partnership income to respondent until the liability is satisfied (i.e., approximately 2 years). The estate refused this offer, insisting that it had a right to make payments over 10 years (i.e., the same contention made in the estate's request for extension).

As respondent pointed out in numerous letters to petitioner, the estate should pay respondent prior to distributing assets to the beneficiaries. Although the estate had a right to only half of the annual payments, the estate's share of the installments could have paid off the estate's Federal estate tax liability in approximately 2 years. In addition, in September 1999, Texas law changed, allowing the sale or assignment of the payment stream, almost a year before the Appeals officer issued the determination. To the extent respondent considered installment payments as a collection alternative, there was no abuse of discretion.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.