**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL DAVID SHAFFER,

    Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent.

No. 02-9013
U.S. Tax Ct. No. 10829-00L
(U.S. Tax Court)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Earl D. Shaffer, a petitioner appearing pro se[1], appeals a decision of the United States Tax Court affirming a determination by the Internal Revenue Service Office of Appeals to permit the Commissioner of the Internal Revenue Service to proceed to collect by levy delinquent taxes owed by Mr. Shaffer.[2] Exercising jurisdiction under 26 U.S.C. § 7482(a), we affirm.[3]

Mr. Shaffer, a former airline pilot for Northwest Airlines, took disability retirement in 1982. Believing his disability retirement benefits to be excluded from gross income under 26 U.S.C. § 104(a), and his other incidental income to be sheltered by the standard deduction and personal exemption, Mr. Shaffer did not file income tax returns for the years 1985 through 1995. The Internal Revenue Service (IRS), based in large part on third-party information returns,[4] determined Mr. Shaffer's tax liability for the years 1985 through 1995 and issued a statutory notice of deficiency for each year.

---

[1]We liberally construe a pro se appellate brief. *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]The amount owed, as of the Notice of Intent to Levy (June 30, 1999), totaled $125,650.17, which included delinquent taxes, penalties and interest.

[3]We conclude Mr. Shaffer timely filed his notice of appeal. FED. R. APP. P. 13(a) and (b) require notice of appeal to be filed within ninety days of a final decision, and the notice is considered filed on the postmark date. The Tax Court's decision was entered on March 26, 2002, and Mr. Shaffer's notice was postmarked June 21, 2002, well within ninety days.

[4]*See* 26 U.S.C. § 6020(b), which provides authority for the Secretary to execute a return.

Mr. Shaffer contested in the Tax Court his tax liability for the years 1985 through 1990, but did not prevail. *Shaffer v. Commissioner,* 68 T.C.M. (CCH) 1455 (1994). In another contested action, Mr. Shaffer failed to upset his tax liability for the years 1991 through 1993. U.S. Tax Court Docket No. 7833-96. In both cases, he argued unsuccessfully that his disability payments did not constitute taxable income. He did not appeal either decision. For the years 1994 and 1995, Mr. Shaffer did not challenge the notices of deficiency sent to him. Thus, the amount Mr. Shaffer owes in taxes for the years 1985 through 1995 is not at issue here.

On June 30, 1999, the IRS sent Mr. Shaffer a notice of intent to levy against his property, informing him of his right to a "collection due process hearing" with the Internal Revenue Service Office of Appeals under 26 U.S.C. § 6330.[5] Mr. Shaffer timely requested a hearing by letter in which he again asserted

_____

[5]

> The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 et seq., do not apply to CDP [collection due process] hearings . . . in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.

26 C.F.R. § 301.6330-1(d), Illustrative Answer D-6 (2002). While this language did not appear in the illustrative language of the essentially identical provision of the Code of Federal Regulations in effect for 2000, when Mr. Shaffer's hearing was conducted, we conclude it fairly represents the meaning of 26 C.F.R. §

his disability payments were tax exempt. He also claimed a violation of his constitutional rights, and he requested the sum of $2,000,000,000.00 in damages for the turmoil occasioned by events in his personal life, the dispute over his disability payments, and the collection action. The Office of Appeals acknowledged receipt of his request for a hearing and responded to his litany of complaints by highlighting the issues appropriate for a collection due process hearing. On July 13, 2000, Mr. Shaffer made an offer to compromise his tax liability for the sum of $50.00, an offer he withdrew on August 5, 2000. The Office of Appeals corresponded with Mr. Shaffer on August 10, 2000, again offering to confer with him on the issues reviewable in a § 6330 hearing. With no further communication from Mr. Shaffer, the Office of Appeals issued a Notice of Determination against him on September 19, 2000, authorizing the IRS to continue its collection action by levy. Mr. Shaffer timely appealed this determination to the Tax Court.

The Tax Court, concluding Mr. Shaffer's underlying tax liability for the years in question was not at issue, reviewed the administrative determination of the Office of Appeals for abuse of discretion. *Goza v. Commissioner,* 114 T.C.

---

301.6330-1T(d) (2000). We further note that page two of I.R.S. Publication 1660 (Rev. 05-2000), in effect at the time of Mr. Shaffer's hearing, provided similar guidance: "Your hearing may be held either in person, by telephone or by correspondence."

176, 181-82 (2000).  We review de novo a legal decision of the Tax Court.

*Twenty Mile Joint Venture, PND, Ltd. v. Commissioner,* 200 F.3d 1268, 1275

(10th Cir. 1999).  Thus, we consider anew whether the Office of Appeals abused

its discretion in authorizing the IRS to proceed with its levy action against Mr.

Shaffer's property.

The requirements for a collection due process hearing are set out in 26

U.S.C. § 6330.  First, "[t]he appeals officer shall at the hearing obtain verification

from the Secretary that the requirements of any applicable law or administrative

procedure have been met."  26 U.S.C. § 6330(c)(1).  Thereafter, the taxpayer

"may raise . . . any relevant issue relating to the unpaid tax . . . ."  26 U.S.C. §

6330 (c)(2)(A).[6]  Raising the issue of underlying liability for the tax, however, is

precluded under certain circumstances:

> The person may also raise at the hearing challenges to the existence or amount
> of the underlying tax liability for any tax period if the person did not receive
> any statutory notice of deficiency for such tax liability or did not otherwise
> have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2)(B).  Finally, the appeals officer must consider "whether

any proposed collection action balances the need for the efficient collection of

taxes with the legitimate concern of the person that any collection action be no

---

[6]For example, "(i) appropriate spousal defenses; (ii) challenges to the
appropriateness of collection actions; and (iii) offers of collection alternatives . .
 . ."  26 U.S.C. § 6330(c)(2)(A).

more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C).

In his appeal to the Tax Court, for the first time, and only by way of cross-examination of the IRS's sole witness, Mr. Shaffer questioned whether he had received notice of deficiency for his tax liability for the years 1994 and 1995, enabling him to dispute his liability for those years. The IRS's records and administrative practice sufficiently establish, however, the two notices of deficiency were sent to him by certified mail and not returned as undeliverable. The Office of Appeals correctly verified that other administrative and legal requirements for issuance of intent to levy were met.

To the extent he chose to participate in the hearing he requested under § 6330, Mr. Shaffer pressed an argument, as he did in the Tax Court and as he does here, questioning his liability for taxes based upon his belief disability payments ought to be excluded from gross income. This issue is clearly precluded from § 6330 review where the taxpayer has received statutory notice of deficiency enabling him to contest the liability. In addition, taxability of disability payments is precluded from § 6330 review when "the issue was raised and considered . . . in any other previous . . . judicial proceeding . . . ." 26 U.S.C. § 6330(c)(4)(A). Mr. Shaffer raised this identical issue in the Tax Court proceedings in which he contested his liability for the years 1985 through 1993.

After a careful review of the record, we conclude the Office of Appeals did

not abuse its discretion in permitting the collection action to proceed against Mr. Shaffer's property. Mr. Shaffer raised no issues susceptible to debate. He has embellished his *idee fixe* on the question of liability with constitutional arguments based on the Sixth Amendment right to counsel, the Seventh Amendment right to jury trial, the prohibition on ex post facto laws, due process and equal protection. These arguments are meritless and unworthy of further discussion.

Judgment **AFFIRMED**.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge