T.C. Summary Opinion 2006-186

UNITED STATES TAX COURT

NEIL RABINOWITZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11264-05S.                    Filed December 11, 2006.

Neil Rabinowitz, pro se.

<u>James H. Harris, Jr.</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]   Unless otherwise indicated, subsequent section references are to the Internal Revenue Code.

Petitioner timely filed a petition under section 6330(d)(1)(A) for review of respondent's determination to proceed with the collection of petitioner's 1996 and 1997 Federal income tax liabilities. The issue is whether the refusal by the Appeals Office to release or withdraw a Federal tax lien constituted an abuse of discretion. At the time the petition was filed petitioner resided in Pikesville, Maryland.

## Background

The facts are as follows. Respondent assessed tax liabilities for the taxable years 1996 and 1997 and, on December 28, 2004, filed a Federal tax lien showing the balance due. On December 29, 2004, respondent notified petitioner that the tax lien had been filed. Petitioner requested a hearing to have the tax lien removed and suggested that a compromise was appropriate. Petitioner, however, did not submit information concerning an offer-in-compromise. The Appeals Office determined that the filing of the tax lien was appropriate and the least intrusive collection means of protecting the Government's interest. Petitioner appeals.

## Discussion

After the filing of a notice of Federal tax lien, a taxpayer is entitled to notice and an opportunity for a hearing before an impartial officer of respondent's Office of Appeals. Secs. 6320(a) and (b), 6330(b)(3). If a taxpayer requests a hearing,

he or she may raise any relevant issue relating to the unpaid tax or to the tax lien, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A); see also sec. 6320(c). A determination takes into account consideration of the verification that the requirements of the applicable law and administrative procedures have been met and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C).

There is no issue here concerning the correctness of the amounts of the tax liabilities for 1996 and 1997.[2] There is also no dispute that the taxes were properly assessed and that petitioner has failed to pay these liabilities. We, therefore, review the Appeals Office's refusal to lift the tax lien by the standard whether it was an abuse of discretion; i.e., whether it was arbitrary, capricious, or without sound basis in fact or law. We do not substitute our judgment for that of the Appeals Office. See sec. 6330(d); Murphy v. Commissioner, 125 T.C. 301, 308, 320-

---

[2] The original assessment was corrected to reflect the amounts shown on petitioner's 1996 and 1997 returns that were filed on Feb. 7, 2005.

321 (2005), affd. ___ F.3d ___ (1st Cir., Nov. 20, 2006); <u>Goza v.</u> <u>Commissioner</u>, 114 T.C. 176, 181-182 (2000).

The Commissioner may withdraw a notice of tax lien, if, relevant here, the withdrawal will facilitate collection, sec. 6323(j)(1)(C), or, with the consent of the parties, the withdrawal would be in the best interest of the taxpayer and the United States, sec. 6323(j)(1)(D). Essentially, petitioner's argument is that he is an unemployed insurance agent who has been unable to obtain employment because of the filing of the Federal tax lien and the public awareness of his financial situation.

Petitioner's argument is based on a misconception. A tax lien arises at the time the assessment is made. Secs. 6321 and 6322. The notice of tax lien protects the Government's interest as a creditor against other creditors. See sec. 6323. But, even if a notice of tax lien was not filed, the liability still exists. To the extent that petitioner argues that withdrawal of the notice of tax lien would improve his credit, this argument is wrong. Petitioner would still be required, if requested, to disclose the liabilities. Lurking beneath petitioner's argument is the suspicion that petitioner seeks to mislead third parties as to his true financial situation by having the notice withdrawn. While this may be in petitioner's best interest, we have difficulty in finding that the interest of the United States is served by such a legerdemain. We do not find that the refusal

by the Appeals Office to withdraw the notice of tax lien was an abuse of discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>