114 T.C. No. 12

UNITED STATES TAX COURT

HOWARD GOZA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15444-99L.                    Filed March 17, 2000.

R issued a notice of deficiency to P for the
taxable years 1994, 1995, and 1996. P returned the
notice of deficiency to R marked "I hereby refute and
invalidate this unsigned Presentment without dishonor.
I do not owe this or any amount of money. All rights
reserved, without prejudice, UCCI-207." P did not file
a petition for redetermination with the Court. R
subsequently issued a notice of intent to levy to P
indicating that R intended to collect the taxes due for
the taxable years 1994, 1995, and 1996. P requested
and received an administrative review of the proposed
collection action. R issued a notice of determination
to P stating that all applicable laws and
administrative procedures had been met and that
collection would proceed. R further advised P that
challenges to the underlying liability would not be
considered since P received a notice of deficiency. P
filed a timely petition for review with the Court
contesting the notice of determination on the ground
that he is not liable for the underlying tax

deficiencies, and, therefore, there is no basis for assessment and collection of the tax.  R moved to dismiss for failure to state a claim upon which relief can be granted.

Held:  The Tax Court has jurisdiction to review a determination pursuant to sec. 6330(c) and (d), I.R.C. Held, further, where P timely received a statutory notice of deficiency, yet he failed to file a petition for redetermination with the Court, P was precluded from contesting the issue of the underlying tax liability during Appeals Office consideration pursuant to sec. 6330(c)(2)(B), I.R.C.  Held, further, P's petition for review of R's administrative determination to proceed with collection fails to state a claim upon which relief can be granted.  See sec. 6330(d), I.R.C.; Rule 331(b)(4) and (5), Tax Court Rules of Practice and Procedure.

Howard Goza, pro se.

Ashton P. Trice and Richard Goldman, for respondent.

OPINION

COHEN, Chief Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.  Unless otherwise indicated, section references are to sections of the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. As discussed in detail below, we shall grant respondent's motion.

Background

On December 17, 1997, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for the years and in the amounts as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1994 | $12,588 | $3,147 | $649 |
| 1995 | 12,893 | 3,223 | 703 |
| 1996 | 13,357 | 3,339 | 718 |

Respondent reconstructed petitioner's income for the years in issue by relying on information produced by the Bureau of Labor Statistics.

On February 9, 1998, petitioner mailed the notice of deficiency back to respondent with the following handwritten statement appearing on the first page of the notice: "I hereby refute and invalidate this unsigned Presentment without dishonor. I do not owe this or any amount of money. All rights reserved, without prejudice, UCCI-207." The notice was accompanied by a 15-page "NOTICE OF DEFENSE" in which petitioner asserted that he

is not liable for the taxes in question based on a number of frivolous constitutional arguments.

On February 17, 1999, respondent mailed a final notice of intent to levy to petitioner pursuant to section 6331.  The notice stated that petitioner owed taxes, penalties, and interest totaling $23,816.20, $22,653.89, and $21,658.74, for the taxable years 1994, 1995, and 1996, respectively, and that respondent was preparing to collect these amounts.  The notice stated that petitioner could request a "Collection Due Process Hearing" with respondent's Appeals Office.

On March 9, 1999, petitioner returned the notice of intent to levy to respondent with the same handwritten statement appearing on the notice of deficiency.  On August 24, 1999, respondent's Atlanta Appeals Office issued a notice of determination to petitioner which stated in pertinent part:

> We have reviewed the proposed collection action for the periods [1994, 1995, and 1996].  This letter is your legal Notice of Determination as required by law. * * *
>
> *        *        *        *        *        *        *
>
> Summary of Determination:
>
> It has been determined that the requirements of all applicable laws and administrative procedures have been met.
>
> As you were advised in our letter dated July 6, 1999, challenges to the underlying liability may only be raised as an issue if you did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability.  You did receive a statutory notice of deficiency in this case.  You were also informed that a hearing is not available for

constitutional issues such as those referenced in your reply to the final notice, and you failed to raise any issues that could be considered in a due process hearing pursuant to IRC section 6330.

It is therefore deemed that the proposed collection action balances the need for efficient collection of the taxes with the concern that the collection action be no more intrusive than necessary.

On September 24, 1999, petitioner timely filed with the Court a petition for review of respondent's determination letter. The petition states in pertinent part that petitioner "requests a Redetermination of income taxes allegedly owed to Respondent". The petition includes allegations that it is unclear: (1) Whether the income tax is a direct or indirect tax, (2) what income is subject to taxation, and (3) who is subject to the Internal Revenue Code. Petitioner concludes, among other things, in his petition:

Respondent is attempting to collect a tax on income not subject to the present income tax system, absent a willingness on the part of Petitioner to voluntarily self-assess himself on such income--which is clearly not the case.

Petitioner reserves all rights under the federal Constitution and common law, the filing of this petition is not intended as a waiver of any of those rights.

As indicated, respondent filed a motion to dismiss asserting that the petition for review fails to state a claim for relief in this collection review proceeding. Respondent maintains that, because petitioner received a notice of

deficiency for the years in issue (and therefore was presented with an earlier opportunity to contest his tax liability in this Court) the question of petitioner's liability for the underlying taxes is not an issue that is subject to dispute in this proceeding.

This matter subsequently was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the motion to dismiss. No appearance was made by or on behalf of petitioner at the hearing.

Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Section 6330 generally

provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing), and if dissatisfied, with judicial review of the administrative determination. Section 6330(e) generally provides for the suspension of the period of limitations on collection during the period that administrative and judicial proceedings are pending and for 90 days thereafter. Section 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998 (January 19, 1999). See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office due process hearing in pertinent part as follows:

SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

(3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--

(A) the verification presented under paragraph (1);

(B) the issues raised under paragraph (2); and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

In sum, section 6330(c) provides for an Appeals Office due process hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can only be contested at an Appeals Office due process hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.

Section 6330(d) provides for judicial review of the Commissioner's administrative determination in pertinent part as follows:

> SEC. 6330(d). Proceeding After Hearing.--
>
> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
>
> > (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or
> >
> > (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Thus, section 6330(d) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court where the underlying tax is of a type over which the Court normally has deficiency jurisdiction. See Moore v. Commissioner, 114 T.C. ___ (2000) (dismissing petition for review of collection action on the ground that the underlying trust fund taxes were not of a type over which the Court normally has jurisdiction).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, the subject is addressed in detail in the legislative history of the provision. In particular, H. Conf. Rept. 105-599, at 266 (1998), states in pertinent part:

Judicial review

> The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing. * * * Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion. * * *

Accordingly, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.

Jurisdiction

The Court's jurisdiction under section 6330 is contingent on the issuance of a valid notice of determination and a timely petition for review. Further, a taxpayer may only file a petition for review with this Court where the administrative determination concerns a tax over which the Court generally has jurisdiction. See Moore v. Commissioner, supra.

In the present case, respondent issued a determination letter to petitioner, and petitioner filed a timely petition for review with the Court. In addition, the taxes that respondent

seeks to collect are income taxes over which the Court normally has jurisdiction. See secs. 6211, 6213. Thus, despite the fact that petitioner failed to invoke the Court's deficiency jurisdiction by filing a petition for redetermination contesting the notice of deficiency for 1994, 1995, and 1996, we hold that section 6330(d) vests the Court with jurisdiction to review respondent's administrative determination to proceed with a levy to effect the collection of the taxes due from petitioner for those years.

Sufficiency of the Petition for Review

Section 6330(c)(2)(A) prescribes the issues that may be raised by a taxpayer in an Appeals Office due process hearing, including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection action, and offers of alternative means of collection. Section 6330(c)(2)(B) provides that the Appeals Office due process hearing is not a forum for the taxpayer to contest the existence or amount of the underlying taxes unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.

Although petitioner received a notice of deficiency for the taxable years 1994, 1995, and 1996, he did not avail himself of the opportunity to file a petition for redetermination with the

Court pursuant to section 6213(a). Consistent with section 6330(c)(2)(B), petitioner therefore was precluded from contesting his liability for the underlying taxes before the Appeals Office. Respondent's determination letter states that respondent explained the effect of section 6330(c)(2)(B) to petitioner in a letter dated July 6, 1999. Nevertheless, petitioner persisted in arguing before the Appeals Office that he was not liable for the underlying taxes on constitutional grounds.

While ignoring the proscription of section 6330(c)(2)(B), petitioner likewise failed to assert before the Appeals Office any of the claims enumerated under section 6330(c)(2)(A). In particular, petitioner did not challenge the appropriateness of the intended method of collection, offer an alternative means of collection, or raise a spousal defense to collection as directed under section 6330(c)(2)(A). Nor has he raised any such issue before the Court.

Rule 331(b)(4) states that a petition for review of an administrative determination filed pursuant to section 6330 shall contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the levy determination and any issue not raised in the assignments of error shall be deemed to be conceded. Rule 331(b)(5) states that such a petition shall contain clear and concise lettered

statements of the facts on which the taxpayer bases each assignment of error.

Petitioner failed to raise a valid challenge to respondent's proposed levy before the Appeals Office. Petitioner continued to assert the same frivolous constitutional claims in his petition for review filed with the Court.

The validity of petitioner's underlying tax liability is not properly at issue in this proceeding. Moreover, the petition does not assert (nor is there any basis in the administrative record for the Court to conclude) that respondent abused his discretion with respect to spousal defenses or collection matters. See sec. 6330(c)(2)(A). In the absence of a justiciable claim for relief in the petition for review filed herein, we shall grant respondent's motion to dismiss for failure to state a claim upon which relief can be granted.

We note that the decision in this case will indicate that we sustain respondent's administrative determination to proceed with collection against petitioner. Our decision does not serve as a review of respondent's determination as to petitioner's underlying tax liability for 1994, 1995, or 1996.

To reflect the foregoing,

An appropriate order and

decision will be entered.