T.C. Memo. 2000-163

UNITED STATES TAX COURT

ROLAND D. VAN FOSSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11269-99L.                    Filed May 18, 2000.

Roland D. Van Fossen, pro se.

<u>Usha Ravi</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Petitioner filed a petition seeking relief
from respondent's decision to pursue collection activity.
Petitioner is seeking solely to challenge the underlying
deficiencies.  Respondent moved to dismiss this proceeding for
lack of jurisdiction on the ground that petitioner is precluded
from questioning the underlying deficiency determinations because

he had received notice of deficiency prior to the assessment of the liabilities in question.

## Background

Respondent issued statutory notices of deficiency to petitioner on November 14, 1996, and April 16, 1998, determining income tax deficiencies and penalties for the 1990, 1991, 1992, and 1993 tax years. Petitioner failed to petition this Court with respect to either notice, and respondent assessed the income tax deficiencies and penalties. On March 2, 1999, respondent sent petitioner a Final Notice--Notice of Intent To Levy and Notice of Your Right to a Hearing. On or about March 8, 1999, respondent filed a Notice of Federal Tax Lien, which was recorded on March 16, 1999. On March 11, 1999, respondent provided to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On March 17, 1999, respondent received petitioner's timely Request for a Collection Due Process Hearing.

On May 20, 1999, respondent issued a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330, approving the lien and levy actions and denying relief to petitioner. Petitioner filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d),[1] seeking relief from respondent's collection activity. Respondent moved to dismiss

---

[1] Section references are to the Internal Revenue Code as amended and in effect for the period under consideration.

for lack of jurisdiction on the ground that petitioner is precluded, under section 6330(c)(2)(B), from seeking relief because he received statutory notices of deficiency with respect to the taxable periods under consideration.

## Discussion

Respondent seeks to have this matter dismissed, contending that this Court does not have subject matter jurisdiction because petitioner, under section 6330(c)(2)(B), is precluded from challenging the underlying tax liability during the administrative proceeding before the Appeals Office.  We note that this procedural question is the same for lien or levy proceedings because section 6320(c), in pertinent part, causes section 6330(c) and (d) to apply in connection with the conduct of hearings concerning relief sought under section 6320.

The question of our jurisdiction in this type of situation was recently addressed in Goza v. Commissioner, 114 T.C. ___ (2000).  In that case, we held that we have jurisdiction to review respondent's administrative determinations in lien and levy matters involving circumstances similar to those that we consider in this proceeding.  See id. at ___ (slip op. at 10-11).  As in Goza, the only grounds raised by petitioner here concern the underlying tax liabilities.  In that regard, petitioner contends that the underlying determinations are fraudulent and that respondent had no authority to make the assessments.  These

grounds are insufficient to challenge respondent's intent to levy and the filing of notices of lien.

Section 6330(c)(2)(A) permits taxpayers to raise any relevant issue, including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection action, and offers of alternative means of collection. Petitioner does not seek that type of relief permitted and is prohibited from questioning the underlying deficiencies because of the issuance and receipt of the prior notices of deficiency for the same taxable years. See sec. 6330(c)(2)(B).

Accordingly, respondent's motion to dismiss for lack of jurisdiction will be denied, and petitioner's action will be dismissed for petitioner's failure to state a claim upon which relief can be granted.

To reflect the forgoing,

<u>An appropriate order and decision will be entered</u>.