T.C. Memo. 2003-205

UNITED STATES TAX COURT

WINSTON O. AND PAULET P. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14601-01L.                    Filed July 15, 2003.

Winston O. and Paulet P. Smith, pro sese.

<u>Lorianne D. Masano</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent may proceed with his proposed collection activity relating to petitioners' 1982, 1983, 1986, and 1987 tax liabilities.

FINDINGS OF FACT

On December 7, 1998, petitioners and respondent executed an installment agreement, and petitioners signed Form 900, Tax

Collection Waiver, relating to petitioners' 1982, 1983, 1986, and 1987 tax liabilities. The Form 900 extended, until December 31, 2004, the period of limitations relating to collection of petitioners' tax liabilities. On January 1, 2000, petitioners and respondent executed a second installment agreement. Petitioners later defaulted on the second agreement.

On May 8, 2001, petitioners met with Revenue Officer Shoesmith, with whom they discussed a possible offer-in-compromise and another installment agreement. Shoesmith recommended to her supervisor that respondent reject these collection alternatives because she believed that, among other things, petitioners failed to file returns relating to numerous years, had withheld information relating to their wherewithal to pay, and were trying to avoid paying their taxes.

On July 2, 2001, respondent sent petitioners a Notice of Defaulted Installment Agreement Under IRC 6159(b) and a Notice of Intent to Levy Under IRC 6331(d) relating to their 1982, 1983, 1986, 1987, and 1999 unpaid tax liabilities. Petitioners' 1999 tax liability has been satisfied.

On July 16, 2001, respondent received petitioners' Form 12153, Request for a Collection Due Process Hearing, in which petitioners contended that their outstanding tax liability relates only to 1999, they have been making installment payments, they provided updated financial information, respondent's revenue

officer acted improperly and maliciously, and they were taking steps to pay their outstanding tax liabilities.

By letter dated July 26, 2001, Shoesmith indicated that petitioners' case was being sent to respondent's Appeals Office, and petitioners had not submitted requested financial information. On July 31, 2001, respondent received a letter in which petitioners contended that they substantially complied with respondent's requests for financial information and had legitimate reasons for their failure to respond more fully.

By letter dated October 11, 2001, respondent sent petitioners literal transcripts relating to the years at issue. The transcripts verified the amount and timely assessment of petitioners' tax liabilities relating to all years in issue (i.e., 1982 on December 8, 1986, 1983 on September 29, 1987, and 1986 and 1987 on July 25, 1988).

On October 17, 2001, Settlement Officer Salinger and petitioners participated in a section 6330[1] hearing. Petitioners contended that the period of limitation relating to collection (collection period) expired with respect to petitioners' 1982 and 1983 tax liabilities and attempted to dispute such underlying liabilities (i.e., presentation of evidence to substantiate entitlement to unspecified deductions).

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

Petitioners requested abatement of their 1982 and 1983 liabilities and abatement of penalties and interest relating to all of their outstanding tax liabilities. Petitioners further contended that the proposed collection would be unduly intrusive. Salinger did not consider any of petitioners' claims regarding additional deductions relating to 1982.

On October 22, 1992, and December 7, 1993, petitioners filed bankruptcy petitions that were discharged on December 17, 1993, and July 13, 1994, respectively. By letter dated October 18, 2001, respondent explained how the filing of petitioners' bankruptcy petitions and execution of Form 900 extended the collection period.

In a letter dated November 9, 2001, petitioners contended that the collection period relating to their 1982 and 1983 liabilities began to run on September 17 and November 5, 1984, (i.e., the dates the respective returns were filed), petitioners' bankruptcy filings extended the collection period by only 180 days, and Form 900 was executed outside the collection period. Petitioners further asserted that the correct amount of their liability had yet to be determined. In a letter dated November 13, 2001, Salinger rejected petitioners' contentions and urged petitioners to provide the requested financial information. Salinger also contended the following: (1) Respondent correctly calculated penalties and interest relating to 1982, posted

credits and payments relating to 1982, and calculated the balance due at the time the lien was filed; (2) two consecutive bankruptcy petitions extended the collection period; (3) Form 900 was signed prior to expiration of the collection period; (4) the installment agreements were not in effect due to petitioners' default; and (5) the collection periods relating to 1982 and 1983 had not expired.

By Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated November 15, 2001, respondent determined that the collection period relating to petitioners' 1982 and 1983 tax liabilities had not expired, petitioners may not claim additional deductions with respect to 1982 and 1983, petitioners offered no collection alternatives, and, thus, it was appropriate to proceed with collection.

On January 25, 2002, petitioners, while residing in Lutz, Florida, filed an amended petition in which they contend that the settlement officer improperly refused to consider petitioners' alleged entitlement to additional deductions relating to 1982 and 1983, petitioners' consent to an extension of the collection period was invalid because Form 900 was signed after the collection period had expired, and respondent miscalculated their unpaid tax liabilities.

OPINION

Petitioners contend that respondent erred in not considering their claim to additional deductions relating to their 1982 tax assessment. Petitioners, however, received a statutory notice of deficiency relating to 1982 and, thus, are precluded from raising their additional deduction claim in this proceeding. Sec. 6330(c)(2)(B); see Goza v. Commissioner, 114 T.C. 176 (2000).

Petitioners further contend that respondent may not collect petitioners' 1982 and 1983 tax liabilities because the period for collection, pursuant to section 6502, expired. On December 8, 1986, respondent timely assessed petitioners' 1982 tax liability. The collection period would have expired on December 8, 1996, had there been no actions tolling the running of the period. Petitioners' 1992 and 1993 bankruptcy petitions, however, extended the expiration date until at least December 7, 1998, the date petitioners executed Form 900. See sec. 6503(h). Form 900 further extended the collection period to December 31, 2004. Thus, the collection period relating to petitioners' 1982 tax liabilities had not expired as of the date of petitioners' request for a section 6330 hearing (i.e., July 16, 2001) and is further extended, pursuant to section 6330(e)(1), during the hearing and while the appeals are pending. Similarly, the collection period relating to petitioners' 1983 tax liabilities has not expired.

Respondent provided petitioners with transcripts relating to petitioners' tax liabilities, took adequate steps to work with petitioners toward a resolution of such liabilities, gave due consideration to all of petitioners' contentions relating to the unpaid tax, and decided to proceed with the proposed collection activity. Accordingly, respondent committed no error and may proceed with the proposed collection activity.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.