T.C. Memo. 2007-261

UNITED STATES TAX COURT

MITRA H. SALMASSI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20091-05L.                    Filed August 30, 2007.

Mitra H. Salmassi, pro se.

Kaelyn J. Romey, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before the Court to review a determination (the determination) by respondent's Appeals Office (Appeals) to proceed with the collection of petitioner's Federal income tax liabilities for 2000, 2001, and 2002.  We review the determination pursuant to sections 6320(c) and 6330(d)(1).[1]

---

[1]  While petitioner checked the box on the petition indicating that the petition was for redetermination of a deficiency, clearly this action concerns a collection action, and
(continued...)

All section references are to the Internal Revenue Code of 1986, as amended and as applicable to this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Some facts have been stipulated and are so found. The stipulation of facts, with attached exhibits, is incorporated herein by this reference.

## Background

Petitioner assigns error to the determination on the basis that, in making the determination, Appeals failed to address "the issue of over $150,000 in capital losses that I have incurred since tax year 2000. Clearly there is 'doubt as to Liability'. Pursuing collections would violate the law and my rights according to 'Effective Tax Administration.'"

At both the beginning and end of the trial, the Court endeavored to clarify the basis of petitioner's assignments of error. We summarized our understanding of petitioner's claims as follows: (1) The Appeals employee assigned to her case abused her discretion by rejecting petitioner's collection alternatives for the years in issue; (2) in considering her ability to pay, the Appeals employee failed to take into account unrealized losses on securities that petitioner owned; (3) she failed to allow petitioner to deduct or otherwise take into account for any of the years in issue her 2002 net capital loss of $80,013, and

---

[1](...continued)
we shall treat it as such.

(4) she should have relieved petitioner of failure-to-pay penalties for the years in issue.

At trial petitioner's testimony was brief, dealing mostly with a decline in the value of her stock portfolio. She called no witnesses, and she offered one document, which, because of respondent's relevance objection, we did not receive into evidence. Respondent did not question petitioner, and he called no witnesses of his own. We set a briefing schedule, requiring seriatim briefs, with respondent to go first. We explained to petitioner that, in her brief, she would be able to respond to respondent's brief and to raise any additional arguments she wished to raise. Petitioner agreed that she was satisfied to proceed that way.

Respondent filed an opening brief of 21 pages, requesting 34 proposed findings of fact and addressing petitioner's claims as summarized by the Court at trial. Petitioner filed an answering brief of one page (plus cover sheet), in which she describes her loss of employment in 1997 and the challenge, since that time, of living on savings in a declining securities market. She states that, in the spring of 2006, she took a large distribution from her retirement account to pay down her credit card debt of over $120,000. She further states that, in the spring of this year, she took another large distribution in order to rebuild an investment portfolio and to prepare for upcoming expenses, including exploring employment and business opportunities and a possible home purchase.

## Discussion

At the conclusion of the trial, we instructed petitioner as to her briefing rights; i.e., to respond to respondent's brief and to raise any additional arguments she wished to raise. Our instruction reflected the requirements of Rule 151(e), addressing the form and content of briefs. Petitioner agreed to proceed in that fashion. In her brief, petitioner has argued only the hardship of complying with her tax obligations. Therefore, we deem petitioner to have abandoned other arguments supporting her assignments of error. See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003) ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").

Among respondent's proposed findings of fact are the following (we paraphrase): During the course of the proceedings leading to the determination, petitioner submitted an offer-in-compromise as an alternative to respondent's collection action (viz, respondent filed a notice of Federal tax lien (NFTL)). The offer-in-compromise was accompanied by an Internal Revenue Service Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The Form 433-A shows an investment account balance of $388,597 and a Charles Schwab account balance of $112,962. The Appeals employee assigned to petitioner's case determined that petitioner had the ability to pay her tax liabilities in full from accessible income in checking accounts and by liquidating assets. Petitioner makes no

objection to those proposed findings, and we so find. See Rule 151(e)(3).

The NFTL shows an unpaid balance of tax for the years in issue of $171,747.45. From the Form 433-A, we can determine that the sum of petitioner's investment and Charles Schwab accounts was $501,559. Even taking into account liabilities of $186,788 that petitioner listed on the Form 433-A, petitioner had sufficient assets that could be liquidated ($314,771 = $501,559 - $186,788) that we agree with the Appeals employee's conclusion that petitioner had the ability to pay her tax liabilities in full. The Appeals employee did not abuse her discretion in deciding that petitioner could pay her tax liabilities, nor, in making the determination, did Appeals abuse its discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000) ("where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion").

To reflect the foregoing,

Decision will be entered

for respondent.