T.C. Summary Opinion 2008-150

UNITED STATES TAX COURT

TRACY MICHELLE KEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26677-07S.            Filed November 25, 2008.

Tracy Michelle Kee, pro se.

<u>Chris J. Sheldon</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

case.  Respondent moved for summary judgment, and petitioner was given an opportunity to respond but failed to do so.  This case arose under the provisions of section 6330, and the sole question is whether there was an abuse of discretion when respondent decided to proceed with collection.

## Background

Petitioner had a self-assessed outstanding and unpaid 1998 tax liability which respondent proposed to collect by means of a levy.  Respondent notified petitioner of her right to a hearing, and petitioner submitted a timely request for a hearing.  In her request petitioner sought a hearing to pursue an offer-in-compromise because of various physical and financial hardships.  No detail of the hardships or specific offer to compromise was contained in her request.  Petitioner did not challenge the underlying tax liability.

Petitioner was offered a face-to-face or telephone hearing which was scheduled to occur on June 19, 2007.  Petitioner, however, failed to participate on June 19.  Petitioner was offered a second opportunity by July 26, 2007.  Petitioner did not respond to the second opportunity for a hearing and had no other contact with respondent's Appeals officer assigned to her case.

After respondent moved for summary judgment, the Court ordered petitioner to respond, but she failed to do so.  The

Court gave petitioner an additional opportunity to present her position in this matter by issuing a September 8, 2008, order to appear at the September 22, 2008, trial session in Phoenix, Arizona, and to show cause why respondent's motion for summary judgment should not be granted. Petitioner failed to appear and/or present any reasons why respondent should not be granted summary judgment.

## Discussion

Summary judgment is appropriate where there is no genuine issue of material fact. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In this case, respondent set forth material allegations in his answer establishing that petitioner was not entitled to question the underlying tax liability and that there was no abuse of discretion in deciding to proceed with collection by means of levy. After the time for filing a reply had expired, respondent moved, under Rule 37(c), that the undenied allegations in the answer be deemed admitted. The Court issued a notice to petitioner to file a reply or otherwise object, but petitioner failed to file a reply or make any response to respondent's motion or the Court's order. Accordingly, respondent's motion was granted and the allegations in respondent's answer were deemed admitted. See Rule 37(c).

In the motion for summary judgment, respondent alleged that all of the steps required of the settlement officer under section 6330 provisions had been met.  Because petitioner is precluded from contesting the underlying liability, we review respondent's decision to proceed with collection under an abuse of discretion standard.  See Goza v. Commissioner, 114 T.C. 176, 182 (2000).

In her request for a hearing before respondent's settlement officer, petitioner set forth the following reason why respondent could consider an offer-in-compromise:  "Due to medical illness--Medical Leave--Medical Bills--Child care--No income due to my illness".  That is the only information that petitioner provided to respondent, and consequently, it is the only information available to the Court.  Respondent and this Court have given petitioner ample opportunities to provide more specific information and/or reasons why respondent should not be allowed to proceed with collection or why she may be entitled to relief by means of an offer-in-compromise.  Petitioner's failure to come forward, along with the fact that she is deemed to have admitted respondent's allegations in the answer, leave this Court with no choice other than to grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.