T.C. Memo. 2013-278

UNITED STATES TAX COURT

KENNETH M. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11227-12L.                    Filed December 9, 2013.

<u>Basil J. Boutris</u>, for petitioner.

<u>Kimberly A. Kazda</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner filed a petition with this Court in response to a

Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330.[1]  Pursuant to section 6330(d), petitioner seeks review of respondent's

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended, and all Rule references are to the Tax Court Rules of
(continued...)

[*2] determination to proceed with collection of unpaid trust fund recovery penalties assessed against petitioner for various periods. The issue for decision is whether the Internal Revenue Service (IRS) Appeals Office abused its discretion in sustaining the proposed levy action against petitioner.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulation which were found admissible are incorporated by this reference. Petitioner resided in California when the petition was filed.

Respondent mailed a final notice of intent to levy (levy notice) to petitioner for trust fund recovery penalties under section 6672 for periods ending June 30, September 30, and December 31, 2007; and March 31, September 30, and December 31, 2008 (periods at issue). In response to the levy notice, petitioner timely requested a section 6330 hearing. On the Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which petitioner requested a hearing, he stated that he was interested in an installment agreement or an offer-in-compromise (OIC) as a collection alternative.

---

[1](...continued)
Practice and Procedure. Amounts are rounded to the nearest dollar.

[*3]  The IRS Appeals Office assigned a settlement officer to conduct petitioner's section 6330 hearing.  Petitioner submitted financial information and an OIC based on doubt as to collectibility.  He proposed to pay a total of $12,000 over 10 years to satisfy his outstanding tax liabilities estimated to be $173,000.  In a letter, the settlement officer notified petitioner that his reasonable collection potential was greater than a total of $12,000 and as a result his OIC would be rejected.  Thereafter, petitioner mailed the settlement officer a letter, stating that he believed his income and expenses were incorrectly calculated.  Upon further consideration, the settlement officer revised her calculations but still determined that petitioner had a reasonable collection potential greater than $12,000.

Respondent mailed petitioner a determination notice sustaining the proposed collection action for the periods at issue.  In evaluating petitioner's OIC the settlement officer determined that petitioner and his spouse had monthly income from Social Security benefits and pension benefits of $4,178, and monthly allowable expenses of $3,400, which exceeded the amount of expenses petitioner claimed in his OIC proposal.  She also determined petitioner had net realizable equity in assets of $9,210.  On the basis of these calculations, she determined petitioner had a reasonable collection potential of $97,902.

**[\*4]**  The determination notice included a note in which the settlement officer stated petitioner and his spouse would likely deplete their pension benefits before the statutory period for collection ended because of the rate at which they had been drawing on those benefits.  Accounting for this circumstance, the settlement officer provided an alternative calculation of petitioner's reasonable collection potential.  As part of that calculation, she found the rate at which petitioner and his spouse had previously depleted their pension benefits over an extended period of months.  She estimated that petitioner and his spouse's monthly income from the pension benefits would continue for 35 months.  Using a 35-month term and holding all other variables from her initial calculation constant, she calculated that petitioner had a reasonable collection potential of $36,440, more than three times petitioner's OIC.

Petitioner filed a petition with this Court contesting the determination notice.

OPINION

Petitioner conceded at trial that the underlying liabilities are not at issue. We therefore review the Appeals Office's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  "An abuse of discretion occurs when a decision is based on an erroneous view of the law or a clearly

[*5] erroneous assessment of the facts." Keller v. Commissioner, 568 F.3d 710,716 (9th Cir. 2009). Petitioner contends that the settlement officer's rejection of his OIC based on doubt as to collectibility constituted an abuse of discretion. We disagree. Section 7122(a) provides that "[t]he Secretary may compromise any civil * * * case arising under the internal revenue laws". Whether to accept an OIC is left to the Secretary's discretion. Fargo v. Commissioner, 447 F.3d 706, 712 (9th Cir. 2006), aff'g T.C. Memo. 2004-13; sec. 301.7122-1(c)(1), Proced. & Admin. Regs. The regulations under section 7122 set forth three grounds for the compromise of a tax liability: (1) doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced & Admin. Regs. In his hearing, petitioner sought a compromise based on doubt as to collectibility.[2]

The Secretary may compromise a tax liability based on doubt as to collectibility where the taxpayer's assets and income are less than the full amount of the assessed liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Under IRS procedures, the IRS will not accept a compromise that is less than the

---

[2]Doubt as to liability and doubt as to effective tax administration are not at issue in this case.

[*6] reasonable collection potential[3] of the case, absent a showing of special circumstances.  See Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517.

Petitioner offered $12,000 to settle his outstanding tax liabilities, which were estimated to exceed $173,000.  The settlement officer reviewed the information submitted by petitioner during the hearing, determined that petitioner had a reasonable collection potential of $97,902, and rejected petitioner's OIC.  Petitioner claims that the settlement officer erred in calculating his reasonable collection potential because her calculation failed to take into account that the pension benefits of petitioner and his spouse would be depleted to cover living expenses before the statutory period for collection expired.

The settlement officer recognized that petitioner and his spouse would likely deplete their pension benefits before the statutory period for collection ended.  She did an alternative calculation taking this circumstance into account and found that petitioner had a reasonable collection potential of $36,440, more than three times petitioner's $12,000 OIC.  Moreover, petitioner did not show that

---

[3]In general reasonable collection potential is "calculated by multiplying a taxpayer's monthly income available to pay taxes by the number of months remaining in the statutory period for collection, and adding to that product the realizable net equity in the taxpayer's assets." Johnson v. Commissioner, 136 T.C. 475, 485 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013).

**[\*7]** he presented information to the settlement officer regarding "special circumstances" that would justify her accepting his OIC. Accordingly, we find the settlement officer did not abuse her discretion in rejecting petitioner's OIC.

Petitioner also asserted in his petition and his pretrial memorandum that the settlement officer abused her discretion by refusing to allow him to submit an installment agreement proposal in addition to his OIC. Petitioner did not stipulate facts, present admissible evidence, or otherwise address this issue at trial. Accordingly, the issue is deemed conceded. See Rule 149(b); Cerone v. Commissioner, 87 T.C. 1 n.1 (1986).

In conclusion, petitioner failed to establish that the settlement officer abused her discretion, and respondent may proceed with the proposed levy action.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.