T.C. Memo. 2017-232

UNITED STATES TAX COURT

JOAQUIN V. LEON-GUERRERO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19937-16L.                    Filed November 22, 2017.

Joaquin V. Leon-Guerrero, pro se.

<u>Brenn C. Bouwhuis</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Pursuant to Rule 121[1] respondent, in a motion filed

September 20, 2017, moved for summary judgment, and petitioner, in a response

_____

[1] Unless otherwise indicated, Rule references are the Tax Court Rules of
Practice and Procedure, and section references are to the Internal Revenue Code.

[*2] filed October 16, 2017, asked the Court to deny respondent's motion and to grant him a trial.

Background

This case began by respondent's January 14, 2016, issuance of a notice of intent to levy on petitioner's assets with respect to his outstanding trust fund recovery penalties for the taxable quarters ending December 2012, March 2013, and June 2013. Petitioner timely requested a hearing, but did not seek any collection alternatives in his request. Attached to petitioner's request were numerous documents in support of his contention that failure to make payment was not his fault and that he should not be liable for the trust fund penalties. He did not, however, question the amounts of the employment taxes and resulting penalties or the fact that they had been assessed against his company and him, respectively.

In his dealings with respondent's settlement officer, petitioner wished to question the underlying liabilities and show that it was the U.S. Government's fault that they were not paid. The settlement officer would not permit petitioner to question the underlying liabilities because petitioner had previously been given an opportunity to do so with an Internal Revenue Service Appeals officer in an administrative proceeding that preceded the collection action. The settlement

**[\*3]** officer also suggested possible collection alternatives and asked petitioner to provide information. Petitioner did not provide anything further, and there was no further communication. Thereafter respondent issued a notice of determination sustaining the proposed levy.

The argument petitioner sought to make to the settlement officer concerned his association with a Government contractor named Able Industries of the Pacific (AIP) which performed services for the U.S. Department of Defense (Defense Department). Services had been performed for the Defense Department and AIP was owed money; but for reasons not explained in petitioner's materials, the U.S. Department of Labor instructed the Defense Department to withhold payment from petitioner. This resulted in AIP's inability to pay $59,000 to respondent for outstanding taxes.

AIP was also under the supervision of United States bankruptcy trustees after filing for a reorganization and then a liquidating bankruptcy in bankruptcy court. Petitioner contends that there were sufficient assets and/or cash to pay the taxes when the trustees took control but that the assets and/or cash were used to satisfy unsecured creditors instead of the Internal Revenue Service. Petitioner also suggested that there were numerous other actions or inactions by bankruptcy

**[*4]** trustees or Government agencies (but not the Internal Revenue Service) that caused the outstanding tax liabilities and resulting penalties to not be paid.

The bottom line of petitioner's argument is that respondent should not be granted summary judgment so that petitioner can have his day in court to show that it was the Government and not AIP's or petitioner's fault that the tax liabilities and/or penalties were not paid and, accordingly, remain outstanding.

Discussion

Summary judgment may be granted when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d). The moving party bears the burden of proving that there is no genuine dispute of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

There is no dispute in this case about what transpired, including that the tax liabilities and penalties are currently outstanding against petitioner. Accordingly,

**[\*5]** this matter is ripe for summary judgment. A taxpayer may challenge the existence or amount of the underlying tax liability in a collection proceeding if there was no prior opportunity, such as the receipt of a statutory notice of deficiency, section 6330(c)(2)(B), or as here, a prior conference with the Internal Revenue Service Office of Appeals, even though the taxpayer does not have a right of judicial review of the Appeals determination. Lewis v. Commissioner, 128 T.C. 48, 61 (2007). If a taxpayer is legally barred from raising the validity of the liability in the administrative proceeding, he is likewise precluded from seeking review in the subsequent judicial proceeding. Goza v. Commissioner, 114 T.C. 176, 180-182 (2000).

Even if petitioner were afforded an opportunity to present his evidence and arguments concerning the underlying liabilities and penalties in this judicial proceeding, his arguments focus on the reasons they were not paid and not on whether they should have been assessed. The question presented by respondent's notice of intent to levy on petitioner's property is not whether he can afford to pay or would have paid but for extraneous circumstances but whether petitioner has valid outstanding liabilities that subject his assets to collection. In other words, petitioner does not seek to show that the liabilities are not valid or that payments to respondent were misapplied.

**[\*6]**   We review the Internal Revenue Service Office of Appeals' determination to proceed with collection on an abuse of discretion standard.  <u>Goza v. Commissioner</u>, 114 T.C. at 182.  Petitioner bears the burden of showing an abuse of discretion.  <u>See</u> <u>Carter v. Commissioner</u>, T.C. Memo. 2007-25, <u>aff'd in part, rev'd in part sub nom.</u> <u>Keller v. Commissioner</u>, 568 F.3d 710 (9th Cir. 2009).

Respondent has shown that all procedural steps were taken by the settlement officer and, even though petitioner did not request collection alternatives, the settlement officer discussed various collection alternatives with him.  Under these circumstances, we hold that the settlement officer was not arbitrary or capricious and the determination to proceed with collection was not an abuse of discretion.

Accordingly, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered for</u>

<u>respondent</u>.