T.C. Memo. 2021-72

UNITED STATES TAX COURT

HECTOR I. GARCIA AND BRENDA I. LANDRAU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8132-19L.                               Filed June 8, 2021.

Hector I. Garcia and Brenda I. Landrau, pro sese.

<u>Rachel L. Rollins</u> and <u>Jeffrey E. Gold</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioners
challenge their underlying tax liability for 2014.  The sole question remaining for
decision is whether the Internal Revenue Service (IRS or respondent) correctly
computed their allowable foreign tax credit for that year.  The parties have sub-

[*2] mitted that question for decision without trial under Rule 122.[1] We resolve the question in respondent's favor.

## Background

The following facts are based on the parties' pleadings, stipulation of settled issues, stipulation of facts, and the exhibits attached thereto. See Rule 122(a). Petitioners resided in Puerto Rico when they petitioned this Court.

During 2014 petitioner husband received wages of $74,680 for services performed in Puerto Rico for the U.S. Air Force. Petitioner wife received a pension distribution of $10,380 and U.S. Social Security benefits of $14,698. Petitioners timely filed a joint Federal income tax return reporting the first two items of income as taxable but treating the Social Security benefits as nontaxable.

Claiming allowable deductions, including $11,850 for personal exemptions, petitioners reported taxable income of $32,074 and a tentative tax liability of $3,904. They included with their return Form 1116, Foreign Tax Credit, reporting that they had paid income tax of $11,322 to Puerto Rico, of which they were bona fide residents during 2014. See sec. 901(b)(2). They claimed a foreign tax credit (FTC) of $3,904 and thus reported a Federal tax liability of zero.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3]   When processing petitioners' return, the IRS determined that $12,493 of the Social Security benefits received by petitioner wife constituted taxable income. Treating the failure to report this sum as a mathematical error, the IRS assessed tax of $1,875 upon correction of that error, without sending petitioners a notice of deficiency.  See sec. 6213(b)(1).  When petitioners did not pay the tax on notice and demand, the IRS sent them, on November 14, 2016, a Notice CP90, Intent to Seize Your Assets and Notice of Your Right to a Hearing.  They timely requested a CDP hearing, disputing only their underlying liability for 2014.

The case was assigned to a settlement officer (SO1) in Philadelphia, Pennsylvania.  Upon receipt of the case SO1 verified that the tax for 2014 had been properly assessed and that all other legal and administrative requirements had been satisfied.  SO1 scheduled a conference call for March 22, 2017, during which she explained to petitioners that their underlying liability challenge would be reviewed by another settlement officer (SO2), who had a background in IRS examinations.

SO2 subsequently determined that petitioners had indeed received taxable Social Security benefits of $12,493 during 2014 and that this generated a tentative additional tax liability of $1,875.  However, he determined that petitioners' allowable FTC should correspondingly be increased by $1,135, from $3,904 (as reported on their return) to $5,039.  This reduced petitioners' tax liability from

[*4] $1,875 to $740.  SO2 attempted to discuss his conclusions with petitioners, but communications were interrupted after Hurricane Maria struck Puerto Rico in September 2017.

The case was returned to SO1, who reiterated SO2's conclusions in a July 2018 letter to petitioners.  Although petitioners had not requested a collection alternative, SO1 offered them a streamlined installment agreement covering their liabilities for 2014 and 2010, which also had a balance due.  Petitioners disputed the calculation of the FTC for 2014 but expressed no interest in a collection alternative.

On April 16, 2019, the IRS issued petitioners a notice of determination recommending that their 2014 liability be reduced by $1,135 but sustaining the collection action with respect to the remaining balance.  (Their account transcript shows an abatement of $1,135 on August 13, 2018.)  Petitioners timely petitioned this Court, see sec. 6330(d)(1), disputing only their underlying liability for 2014.

On December 30, 2020, the parties filed a motion to submit the case for decision without trial under Rule 122.  They concurrently filed a stipulation of settled issues in which they agreed that petitioners for 2014 had adjusted gross income of $97,553, including $12,493 in taxable Social Security benefits; that petitioners' taxable income for 2014 was $44,567; that petitioners' tax liability for

**[*5]** 2014 was $5,779 before application of the FTC; and that the only issue remaining for decision was the proper computation of the FTC. We granted the Rule 122 motion, directing the parties to file simultaneous opening briefs by March 1, 2021. Respondent timely filed his brief, but petitioners did not file a brief by the due date or subsequently.

## Discussion

### A.     Standard of Review

Section 6330(d) does not prescribe the standard of review that we should apply in reviewing an IRS administrative determination in a CDP case, but the general parameters for such review are marked out by our precedents. Where the validity or amount of the taxpayer's underlying liability is properly at issue, we review the IRS' determination de novo. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review the collection action in other respects for abuse of discretion. See id. at 182.

Taxpayers in a CDP case may challenge the existence or amount of their underlying liability if they did not receive a statutory notice of deficiency or otherwise have a prior opportunity to dispute the liability. See sec. 6330(c)(2)(B). Because the IRS adjusted petitioners' 2014 liability by making a correction of a mathematical error, see sec. 6213(b)(1), they did not receive a notice of deficiency

**[*6]** and did not otherwise have a prior opportunity to dispute their liability. We thus review their underlying liability challenge de novo and the balance of the SOs' determinations for abuse of discretion. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

B.      Underlying Liability

Section 901(a) allows a credit for income taxes paid to foreign countries and U.S. possessions, including Puerto Rico. In the case of an individual "who is a bona fide resident of Puerto Rico during the entire taxable year," income taxes paid or accrued to any U.S. possession are eligible for the credit. Sec. 901(b)(2). Respondent agrees that petitioners were bona fide residents of Puerto Rico during 2014 and that they paid to Puerto Rico during that year income taxes of $11,322.

The allowable credit is "subject to the limitation of section 904." See sec. 901(a) and (b). Section 904(a) provides that "[t]he total amount of the credit taken under section 901(a) shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources without the United States * * * bears to his entire taxable income for the same taxable year." In other words, the allowable credit is limited by the ratio of foreign-source

[*7] taxable income to total taxable income. "Since double taxation is eliminated by allowing foreign income taxes to be credited against U.S. tax on foreign source income only, § 904 bars the credit from being taken against U.S. tax on U.S. income." Boris I. Bittker & Lawrence Lokken, Federal Taxation of Income, Estates & Gifts, para. 72.6.1 (2021), Westlaw FTXIEG.

During 2014 petitioner husband received wages of $74,680 for performing services in Puerto Rico for the U.S. Air Force. This compensation was derived from a "source[] without the United States," see sec. 862(a)(3), but it was taxable in the United States because received "for services performed [in Puerto Rico] as an employee of the United States or an[] agency thereof," see sec. 933(1). Petitioner wife received a taxable pension distribution of $10,380; SO2 treated this distribution as sourced in Puerto Rico, and respondent does not dispute that treatment for purposes of this case. Summing these amounts produces foreign-source gross income of $85,060.

The parties' dispute focuses on the U.S. Social Security benefits received by petitioner wife. Petitioners have stipulated that $12,493 (of the $14,698 she received) was taxable because their modified adjusted gross income exceeded the applicable base amount. See sec. 86(a)(1), (b), (c). The source of that income is

**[\*8]** determined under section 861, which governs income from sources within the United States.

Section 861(a)(8) provides that "[a]ny social security benefit (as defined in section 86(d))" shall be treated as income from sources within the United States. Section 86(d)(1)(A) defines "social security benefit" to include any amount received by a taxpayer by reason of entitlement to "a monthly benefit under title II of the Social Security Act." The benefits received by petitioner wife met this definition and accordingly are treated as U.S.-source income under section 861(a)(8).

The section 904 limitation is calculated using the ratio of foreign-source taxable income to total taxable income. Petitioners for 2014 had foreign-source gross income of $85,060. During the CDP hearing SO2 calculated that petitioners had foreign-source taxable income, after allowance of specified deductions, of $49,192. Petitioners have not disputed this calculation, and $49,192 is thus the numerator of the limitation fraction.

The parties have stipulated that petitioners for 2014 had adjusted gross income (from all sources) of $97,553 and taxable income of $44,567. The latter figure was determined after allowing a deduction of $11,850 for personal exemptions. Section 904(b)(1) provides that, for purposes of determining the FTC limitation, "the taxable income in the case of an individual * * * shall be computed

[*9] without any deduction for personal exemptions." Adding $11,850 to $44,567 produces total taxable income for section 904(a) purposes of $56,417, and it is thus the denominator of the limitation fraction.

Dividing $49,192 by $56,417 produces a ratio of 0.872. This ratio is applied to the U.S. tax liability "against which such credit is taken." Sec. 904(a). The parties have stipulated that petitioners' U.S. tax liability for 2014, before application of the FTC, was $5,779. Multiplying that sum by 0.872 produces an allowable FTC of $5,039, as calculated by SO2 during the CDP hearing.

Petitioners contended in their petition that the limitation ratio should be 1.00 rather than 0.872, yielding a 2014 tax liability of zero. This argument assumes that the taxable Social Security benefits received by petitioner wife should be treated as sourced in Puerto Rico (or be ignored altogether) for section 904 purposes. But section 861(a)(8) explicitly provides that U.S. Social Security benefits are U.S.-source income. And section 904(a) provides that the denominator of the fraction must include the taxpayers' "entire taxable income." The notice of determination thus correctly determined that petitioners should be allowed an

**[*10]** additional FTC of only $1,135, reducing their 2014 tax liability from $1,875 to $740.[2]

## C. Abuse of Discretion

In deciding whether the SOs abused their discretion in sustaining the collection action we consider whether they: (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). We conclude that the SOs properly discharged all of their responsibilities under the statute.

Upon receiving the case SO1 verified that the tax for 2014 had been properly assessed and that all other requirements of law and administrative procedure had been satisfied. The only issue petitioners raised was a challenge to their underlying liability; SO2 addressed that issue and resolved it partially in their favor. Petitioners did not propose a collection alternative and declined the installment agreement that SO1 offered them. Finding no abuse of discretion in any respect,

---

[2]During 2014 petitioners paid to Puerto Rico income tax of $11,322, or $6,283 in excess of the sec. 904 limitation. Sec. 904(c) provides that the excess credit may be carried backward one year or forward ten years.

**[\*11]** we will sustain the collection action as set forth in the notice of determination.

      To implement the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.
