# United States Tax Court

T.C. Memo. 2025-14

PEOPLEASE, LLC,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 2161-24L.                           Filed February 6, 2025.

_____

*Suzanna L. Mulhair*, for petitioner.

*Halvor R. Melom* and *Olivia H. Rembach*, for respondent.


## MEMORANDUM OPINION

LEYDEN, *Special Trial Judge*:  In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS)[2] Independent Office of Appeals (Office of Appeals) to uphold a proposed levy action with respect to unpaid liabilities reported on Form 941, Employer's Quarterly Federal Tax Return, for the tax period that ended December 31, 2021.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings.  The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to actions taken in connection with this case.


**Served 02/06/25**

**[\*2]** On February 8, 2024, petitioner timely filed a Petition commencing this case.

Respondent filed the Answer on March 29, 2024. On June 5, 2024, after the pleadings in this case were closed, respondent filed a Motion for Judgment on the Pleadings (Motion). *See* Rules 38, 120(a). On June 28, 2024, petitioner filed an Objection to Motion for Judgment on the Pleadings (Objection). The Court will grant respondent's Motion.

## *Background*

Petitioner's principal place of business was in South Carolina when the Petition was filed.

The IRS sent petitioner a Final Notice of Intent to Levy dated February 28, 2023. The notice addressed petitioner's outstanding liability for the quarterly tax period that ended December 31, 2021, with respect to the Form 941 filed for that period. Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to request a CDP hearing.

The CDP hearing request was assigned to an Appeals officer (AO) in the Office of Appeals, who conducted a telephone hearing with petitioner's representative on May 9, 2023.

During that hearing petitioner's representative stated that petitioner had submitted Form 941–X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for the quarterly tax period that ended December 31, 2021, to claim an Employee Retention Tax Credit (ERTC). Petitioner's representative asserted that if the claim for refund was accepted it would result in a large refund and resolve the liability for that quarterly tax period.[3] The representative also informed the AO that petitioner was not interested in a collection alternative.

The AO contacted the IRS unit that was responsible for handling the ERTC claims. As of November 30, 2023, the liability for the

---

[3] On January 31, 2024, after the Notice of Determination was issued, petitioner submitted amended Forms 941–X for the quarterly tax period that ended December 31, 2021, as well as for several quarterly periods other than the one in issue claiming tax credits that if allowed would satisfy the balance due for the quarter in issue. There is not anything in the Notice of Determination that indicates petitioner raised the issue of tax credits for other tax periods at the CDP hearing. The notice of determination before the Court is limited to the tax liability for the quarter that ended December 31, 2021.

[*3] quarterly tax period that ended December 31, 2021, was $11,224,113.98. On December 6, 2023, the AO received a response from that IRS unit. That unit indicated that petitioner needed to submit requested additional information before the unit could process the claim for refund. The AO faxed petitioner's representative a request for that additional information on December 20, 2023. Neither petitioner nor petitioner's representative responded.

On January 9, 2024, the AO informed petitioner's representative she would issue a Notice of Determination sustaining the proposed levy because petitioner did not respond to the request for additional information.

The AO verified that all applicable laws and administrative procedures were met and that the proposed collection action balanced the need for efficient collection of taxes with the legitimate concerns of petitioner. The AO then issued the Notice of Determination dated January 11, 2024, upon which this case is based.

Petitioner, in its Objection, now concedes that it does not challenge the tax liability for the quarterly tax period that ended December 31, 2021.

## *Discussion*

Rule 120(a) permits a party, after the pleadings are closed but within such time as not to delay the trial, to move for judgment on the pleadings. Such a motion must be based solely on the allegations and information in the pleadings and not any outside matters. *Nis Fam. Tr. v. Commissioner*, 115 T.C. 523, 537 (2000). The movant must show that the pleadings do not raise any genuine issue of material fact and that judgment may be entered as a matter of law. *Id.*

When the underlying liability is in issue, the Court reviews the Commissioner's determination de novo. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). The taxpayer bears the burden of proof regarding the underlying liability. *See* Rule 142(a). Petitioner's initial dispute as to the underlying liability was that a credit that had been submitted but was not processed would eliminate the outstanding tax liability for the quarterly tax period in issue. However, in its Objection petitioner conceded that there is an underlying liability for the quarterly tax period in issue. Therefore, the Court's review is limited to abuse of discretion.

**[\*4]** In its Objection, petitioner is now requesting a collection alternative. Specifically, petitioner is requesting time for the IRS to process amended returns for other tax periods that petitioner asserts it filed and on which it claimed ERTCs. It further asserts that if accepted, these amended returns would satisfy the tax liability for the quarterly tax period in issue.

Petitioner did not raise the asserted submitted amended returns and unprocessed claims for ERTCs for periods not in issue at the CDP hearing. The Court does "not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office." *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007). Section 6330(c)(2) issues are "any relevant issue[s] relating to the unpaid tax or the proposed levy," including, among other things, challenges to the appropriateness of collection actions and challenges to the underlying liability under section 6330(c)(2)(B).

Further, in a CDP case the Court does not have jurisdiction to determine an overpayment of an unrelated liability. *Weber v. Commissioner*, 138 T.C. 348, 366 (2012). A mere claim of an overpayment is not an available credit and thus cannot be taken into account in a CDP hearing to determine whether the underlying tax in issue remains unpaid. *See id.* at 372.

Petitioner has only alleged that it submitted ERTCs for other quarters not in issue in this case, and that those credits would satisfy the liability for the period in issue. However, the Court does not have jurisdiction to decide that issue. Therefore, the AO did not abuse her discretion in sustaining the proposed levy.

Accordingly, the facts in issue are not in dispute, and respondent is entitled to judgment as a matter of law. The Court will issue an order granting respondent's Motion.

To reflect the foregoing,

*An appropriate order and decision will be entered.*