T.C. Memo. 2014-96

UNITED STATES TAX COURT

DANIEL RICHARD KURKA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9365-12L.                    Filed May 21, 2014.

Daniel Richard Kurka, pro se.

<u>Melanie Senick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case is before the Court for review of a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination).  After concessions,[1] the issues remaining for decision

---

[1]Petitioner disagreed with respondent's determination of his 1997 tax

(continued...)

[*2] are whether petitioner is liable for a frivolous submission penalty under section 6702[2] and whether the Internal Revenue Service (IRS) Appeals Office properly sustained respondent's collection action. We hold that petitioner is liable for the penalty and that the Appeals Office properly sustained the collection action.

FINDINGS OF FACT

Petitioner resided in Alaska when he filed his petition.

Petitioner has not filed a Federal income tax return since 1994. On July 24, 2003, respondent issued a notice of deficiency for Federal income tax he determined petitioner owed for taxable year 1997. Petitioner did not timely petition this Court to review the notice of deficiency, and respondent began the process of collecting the tax.

In 2009 petitioner filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to a proposed levy for Federal income tax owed for 1997. On April 29, 2010, petitioner participated in a telephone

---

[1](...continued)
liability. He offered into evidence a corrected return. Respondent has accepted the reduced tax liability petitioner reported on the corrected return.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] conference with a settlement officer (SO).  Petitioner argued he did not owe tax, because the "IRS was never ratified by Congress."  After the conference the Appeals team manager informed petitioner that his argument constituted a frivolous position, but petitioner maintained that the IRS had no authority to tax him.  On April 30, 2010, respondent mailed petitioner a letter denying his request for hearing because of his frivolous position.  Respondent also imposed a $5,000 frivolous submission penalty under section 6702 for submitting a collection due process (CDP) hearing request based on a frivolous position.

In July 2011, respondent mailed to petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, informing petitioner that respondent intended to levy on his property to collect the $5,000 frivolous submission penalty.  Respondent also mailed to petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, informing petitioner that respondent had filed a Federal tax lien on petitioner's property for $21,226.90--$16,226.90 for unpaid 1997 income tax and $5,000 for the section 6702 penalty.

Petitioner timely requested a CDP hearing concerning both the lien and the proposed levy.  An SO mailed petitioner a letter, notifying him that she had scheduled a telephone CDP hearing for December 14, 2011.  The letter requested

[*4] that petitioner submit wage information and signed Federal income tax returns for taxable years 2001 through 2010 so that the Appeals Office could consider alternative collection methods. Petitioner did not send any of the requested information.

During the telephone hearing petitioner asked to record the hearing. After the SO denied his request, petitioner asked if the hearing could be held by correspondence instead. On December 14, 2011, the SO sent petitioner a "CDP hearing by correspondence" letter concerning the lien for the unpaid tax and penalty and the proposed levy for the penalty. The SO advised petitioner that if he did not respond to the letter by January 16, 2012, the SO would make a determination based on the information already in the file. Petitioner never responded to the correspondence hearing letter.

On March 8, 2012, respondent mailed petitioner a notice of determination sustaining the Federal tax lien and permitting the collection action to proceed for petitioner's 1997 income tax liability and the frivolous submission penalty. The Appeals Office made the determination using information in the file and computer transcripts of petitioner's account history because petitioner (1) never responded to the correspondence hearing letter, (2) did not provide the requested information, and (3) was not in filing compliance. The notice of determination stated that

**[*5]** petitioner "challenged the existence or amount of the liability but he did not participate in the hearing so his issue could not be discussed."

Petitioner timely petitioned this Court for review of respondent's determination.

OPINION

We have jurisdiction to review determinations of an Appeals Office to sustain a levy or the filing of a notice of Federal tax lien. Sec. 6320(c) (lien cases); sec. 6330(d)(1) (levy cases). Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying liability in collection proceedings only when the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability. When the validity of the underlying liability was properly at issue in the CDP hearing, we review de novo the Appeals Office's determination as to that liability. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where a taxpayer's underlying tax liability is not in dispute, the Court reviews the Commissioner's determination for abuse of discretion. Id. at 182. Petitioner did not receive a notice of deficiency for the frivolous submission penalty and had no prior opportunity to challenge it. Accordingly, we review de novo respondent's determination that petitioner was liable for the penalty.

**[*6]** Section 6702 imposes a $5,000 civil penalty for specified frivolous submissions. A specified frivolous submission is a specified submission where any portion is based upon a position the Secretary has identified as frivolous or which reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6702(b)(2)(A). Specified submissions include requests for a hearing under section 6320 (notice and opportunity for hearing upon filing of notice of lien) and under section 6330 (notice and opportunity for hearing before levy). Sec. 6702(b)(2)(B)(i). One frivolous argument the Secretary identifies is "[the IRS] is not an agency of the United States government but rather a private-sector corporation or an agency of a State or Territory without authority to administer the internal revenue laws." Notice 2010-33, 2010-17 I.R.B. 609, 612. Positions in the specified submission that are the same as or similar to listed arguments are frivolous. Notice 2008-14, 2008-1 C.B. 310.

In 2009 petitioner requested a CDP hearing under section 6330 in response to a proposed levy for Federal income tax owed for 1997. During petitioner's telephone conference in 2010, he argued that he did not owe tax, because the "IRS was never ratified by Congress" and thus the IRS had no authority to tax him. This position triggers the penalty because it approximates the listed frivolous

**[*7]** argument that the IRS does not have the authority to administer the internal revenue laws.

For more than a decade petitioner ignored his responsibility to file Federal income tax returns. When the IRS caught him, he still had an opportunity to avoid penalties simply by cooperating. Instead, he refused to produce records and persisted in making frivolous arguments about the IRS' authority to collect taxes. By the letter of the statute he made a frivolous submission, and we see no reason he should escape the resulting penalty. Accordingly, we sustain respondent's determination that petitioner is liable for the section 6702 civil penalty of $5,000.

Petitioner has made no argument nor presented any evidence indicating respondent's collection procedures were improper. Respondent has complied with the lien and levy procedures outlined in sections 6320 and 6330, and we accordingly sustain respondent's decision to allow the collection action to proceed.

In reaching our holdings herein, we have considered all arguments made and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

**[\*8]**  To reflect the foregoing,

Decision will be entered under

Rule 155.