# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

W. TODD HOEFFNER; JOHNANNA HOEFFNER,

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

Appeal from the Decision of the United States
Tax Court
No. 25760-12

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Taxpayers W. Todd Hoeffner and Johnanna Hoeffner (the "Hoeffners") appeal the United States Tax Court's Order and Decision granting summary judgment in favor of the Commissioner of Internal Revenue (the "Commissioner") and sustaining the IRS Office of Appeals' ("Office of Appeals") determination. The issue on appeal is whether the Hoeffners had reasonable cause for failing to timely file their 2008 tax return and timely pay their 2008 tax liability. Reviewing the record, we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

The facts of the case are undisputed. In 2007, Mr. Hoeffner was indicted on non-tax-related federal criminal charges but was released on bond. The order setting conditions for Mr. Hoeffner's release prohibited contact with potential witnesses to the case, including the Hoeffners' accountant, John White ("Mr. White"), who had prepared the Hoeffners' previous years' tax returns. In 2009, during the pendency of the criminal proceedings, the Hoeffners' 2008 tax return became due to be filed. Mr. Hoeffner's criminal defense attorney, Chris Flood ("Mr. Flood"), advised Mr. Hoeffner to strictly comply with the court's order not to communicate with Mr. White, and further advised Mr. Hoeffner not to file an incorrect or incomplete tax return. The Hoeffners did not file their 2008 tax return or pay the taxes due by the April 15 deadline. However, the Hoeffners requested an extension to file (but not an extension to pay) and were given until October 15, 2009, to file the return. The Hoeffners did not file the return by the extended deadline.

On April 29, 2010, after the criminal trial concluded, Mr. Hoeffner, with the Assistant U.S. Attorney's agreement, filed a motion requesting the court to amend its order allowing contact with Mr. White solely to complete the tax returns. The district court granted the motion and the Hoeffners filed the 2008 tax return and paid the delinquent taxes in August 2010, six months after the extended deadline to file the return.

As a result of the belated tax return filing and tax payment, the IRS assessed additions to tax and interest. The Hoeffners requested abatement of the assessed balance, but the IRS denied the request based on a lack of reasonable cause. The Hoeffners then appealed to the IRS Office of Appeals and requested a Collection Due Process ("CDP") hearing. Through telephonic hearings and written correspondence, the Office of Appeals determined that

2

the Hoeffners did not show reasonable cause for the delays and, as such, were liable for the penalties assessed.  The Hoeffners filed a petition with the Tax Court challenging the Office of Appeals' determination.  The Commissioner filed a motion for summary judgment, to which the Hoeffners responded and filed a cross-motion.  The Tax Court, finding no fact issues, granted summary judgment in favor of the Commissioner, denied the Hoeffners' cross-motion and sustained the Office of Appeals' determination.

## II.

We review the grant of summary judgment *de novo*, viewing all of the record evidence in a light most favorable to, and drawing all reasonable inferences in favor of, the non-moving party.  *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Issues related to the underlying tax liability are also reviewed *de novo*.  *Goza v. C.I.R.*, 114 T.C. 176, 181-82 (2000).

## III.

On appeal, the Hoeffners assert that the IRS penalties should be abated because they had reasonable cause for the late filing and late payment.  The law clearly mandates that failure to timely file tax returns and failure to timely pay tax liability will result in the assessment of additions to tax, unless there is shown to be "reasonable cause" for the failure.  26 U.S.C. 6651(a)(1) & (2).  The Supreme Court has explained that in order to show "reasonable cause," a taxpayer is required to "demonstrate that he exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time.'" *United States v. Boyle*, 469 U.S. 241, 246, 105 S. Ct. 687, 690

(1985) (citing 26 CFR § 301.6651(c)(1) (1984)).   The Hoeffners do not demonstrate that they met this standard.

## IV.

We are unpersuaded by the arguments the Hoeffners offer to support a finding of reasonable cause for the late filing of their 2008 tax return.

First, they contend that they were unable to file the return timely because a district court's order barred them from communicating with their accountant, Mr. White.  To further support this argument, the Hoeffners assert that they were unable to hire another accountant to prepare the return because their tax situation was complex and only Mr. White possessed the necessary documents and records.  This argument fails because there is no evidence that the Hoeffners made the district court aware of their tax predicament or asked the court for permission to communicate with Mr. White either (1) solely for the purpose of preparing their tax return; or (2) to authorize Mr. White to provide their tax records to another accountant.  The Hoeffners contend that they did not ask because, in light of the Government's previous allegations of Mr. Hoeffner's improper contact with witnesses, they feared further antagonizing the court.  While the court order prohibited improper contact with witnesses, it is a different matter entirely to ask the court for permission to comply with IRS mandates.  In fact, the district court, when asked, did modify its order, allowing the Hoeffners to communicate with Mr. White for the sole purpose of completing their taxes.  This argument also fails because neither the unavailability of records nor complex tax affairs constitutes reasonable cause.  This court in *Ferguson v. Commissioner*, 568 F.3d 498, 501 (5th Cir. 2009), held:

> unavailability (to the taxpayer) of "information or records does not necessarily establish reasonable cause for failure to file timely a tax return," because even without full information, "[a] taxpayer is

> required to file timely based upon the best information available
> and to file thereafter an amended return if necessary."

(footnotes omitted).  *See also In re Craddock*, 149 F.3d 1249, 1255 (10th Cir. 1988) (holding that complex tax affairs do not constitute reasonable cause). With no evidence that the Hoeffners timely moved the court for permission to communicate with Mr. White to fulfill their 2008 tax obligations, the Tax Court correctly held that the Hoeffners did not exercise ordinary business care and prudence in this matter, and thus did not have reasonable cause for the late filing of the return.

Next, we disagree with the Hoeffners' argument that their preoccupation with the extensive litigation amounted to reasonable cause for the late filing. Rather, we agree with the Sixth Circuit's holding in *Morgan v. Commissioner*, 807 F.2d 81, 83 (6th Cir. 1986), that involvement in extensive litigation does not constitute reasonable cause or prevent the imposition of additions to tax.

Last, we are unconvinced by the Hoeffners' assertion of reasonable cause that they relied on the advice of their attorney.  An IRS memo states that a taxpayer's reliance on the advice of a professional would constitute reasonable cause if the taxpayer proves:  "by a preponderance of the evidence that:  (1) the taxpayer reasonably believed the professional was a competent tax adviser with sufficient expertise to justify reliance."  *Crimi v. Commissioner*, T.C. Memo. 2013-51, at *35 (2013).  The Hoeffners admit that Mr. Flood did not give them tax advice; rather he advised them regarding the criminal trial and advised them not to file an incomplete or incorrect return.  Thus, the Hoeffners did not believe Mr. Flood was a competent tax adviser and their reliance on his advice for tax matters is unjustified.

Clearly, the Hoeffners did not demonstrate reasonable cause for not timely filing their 2008 tax return.

V.

With regard to whether reasonable cause existed for the Hoeffners to delay paying the 2008 tax liability, again, the taxpayers did not demonstrate that they exercised ordinary business care and prudence. Tax payments are due by the federal tax return filing deadline and are not automatically extended when an extension to file the return is granted. *See* I.R.C. §§ 6072(a), 6151(a); Treas. Reg. § 1.6151-1(a); Treas. Reg. § 1.6081-4(c). The Hoeffners did not timely pay the tax liability or file an extension to pay.

VI.

Finally, the Hoeffners maintain that they were not afforded a sufficient opportunity to present arguments at a Collection Due Process ("CDP") hearing. The statute does not indicate that a CDP hearing must be "face-to-face" or that it may not be telephonic. *See* 26 U.S.C. § 6330. The record reflects that the Hoeffners presented arguments and documentation through multiple telephonic hearings and various written communications. Accordingly, the Tax Court was correct in holding that "through the collective telephonic and written communications between Settlement Officer Reubel and petitioners, petitioners received a CDP hearing as required by section 6330(b)." (citing *J & S Auto Painting. Inc. v. Commissioner*, TC Memo. 2013-232, at *6 (2013)) (finding a combination of telephone calls and one or more written communications between a taxpayer and a settlement officer is sufficient to constitute a hearing) (internal citation omitted). We agree and hold that the Hoeffners did receive a sufficient CDP hearing.

VII.

Accordingly, we hold that summary judgment in favor of the Commissioner was appropriate and sustain the Office of Appeals' determination. AFFIRMED.

6