157 T.C. No. 2

UNITED STATES TAX COURT

MARY T. BELAIR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22133-19L.                    Filed August 2, 2021.

R notified P that the IRS had filed a notice of Federal tax lien
(NFTL) with respect to her 2013 through 2015 Federal income tax.  P
requested a collection due process (CDP) hearing with Appeals and
indicated that she was interested in an installment agreement.  After
the CDP hearing Appeals determined that P was not eligible for an
installment agreement and upheld the NFTL filing as proper.  P asked
the Court to review the determination on the grounds that it did not
include a challenge to the underlying tax liability.  R seeks summary
judgment.  Appellate venue is the Court of Appeals for the Ninth
Circuit, which has concluded that the record rule applies in CDP
cases before this Court.

Held:  In a CDP nonliability case such as this, our decision
turns on whether the administrative record shows an abuse of
discretion, and our traditional rules of summary judgment are
generally not appropriate.  Instead, summary judgment serves as a
mechanism for deciding, as a matter of law, whether Appeals'
determination is supported by the administrative record and is not
arbitrary, capricious, or without sound basis in fact or law.

**Served 08/02/21**

Held, further, decision will be entered for R in that we conclude from our review of the administrative record that the determination by Appeals was not an abuse of discretion.

Mary T. Belair, pro se.

Joseph E. Conley, Thomas R. Mackinson, and Cameron W. Carr, for respondent.

OPINION

WEILER, Judge:  Petitioner, Mary T. Belair, timely petitioned this Court after the Internal Revenue Service (IRS) Office of Appeals (Appeals)[1] determined that she was not eligible for an installment agreement as she had requested.  See secs. 6320(c), 6330(d)(1).[2]  After answering the petition the Commissioner of Internal Revenue (respondent) moved for summary judgment.  The motion was

_____

[1]On July 1, 2019, Congress renamed the IRS Office of Appeals the IRS Independent Office of Appeals.  See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019).  The events in this case largely predate that change, so we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

supported by the declaration of Michael J. Matuszczak, the Appeals officer who

drafted the notice of determination in question. Attached to that declaration as

exhibits are documents that Mr. Matuszczak declared under penalty of perjury as

the administrative record underlying the determination. Petitioner does not

challenge Mr. Matuszczak's declaration, nor does she dispute the completeness of

the administrative record. On the basis of our review of the administrative record,

and for the reasons set forth below, we will grant respondent's motion for

summary judgment.

## Background

This background section is primarily drawn from the administrative record

of the collection due process (CDP) hearing.[3] The single exception is that the

---

[3]In Robinette v. Commissioner, 123 T.C. 85, 95 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006), we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure Act * * * and our review is not limited to the administrative record." The Court of Appeals for the Ninth Circuit has concluded that the record rule applies to CDP cases before this Court. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, rev'g in part decisions in related cases. Under sec. 7482(b)(1)(A), appeal in this case would lie in the Court of Appeals for the Ninth Circuit, absent a stipulation to the contrary, and in this case we therefore follow that court's opinion and limit our review to the evidence in the administrative record. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

facts contained in the last paragraph of this section are drawn from the petition. None of these facts are in dispute.

On February 28, 2019, respondent mailed to petitioner by certified mail a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, informing her that respondent had filed a notice of Federal tax lien (NFTL) on February 28, 2019, with respect to her income tax liabilities for tax years 2013, 2014, and 2015.

In response to that notice petitioner timely mailed a Form 12153, Request for Collection Due Process or Equivalent Hearing, on April 3, 2019. In that request petitioner indicated her interest in an installment agreement and claimed that she and her husband had won judgments in the tens of millions of dollars against a former United States Attorney for the District of Connecticut (U.S. attorney); these judgments, according to petitioner, were to be paid on April 15, 2019.

On May 13, 2019, Bobbi S. Martin, an operations manager with IRS Automated Collection System Support, sent a Letter 3884C to petitioner stating that respondent could not consider her request for an installment agreement until she filed her delinquent Federal personal income tax returns for years 2016 and 2017.

On September 4, 2019, Mr. Matuszczak sent a letter setting a CDP telephone conference (CDP conference) with petitioner for October 16, 2019. He stated that petitioner needed to provide him with a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed Forms 1040, U.S. Individual Income Tax Return, for tax years 2016, 2017, and 2018 (delinquent returns) within 21 days of the date of the letter. Respondent's records indicated that the delinquent returns had not yet been filed, and Mr. Matuszczak needed them before he could consider an alternative collection method such as an installment agreement.

In early October 2019 petitioner left two telephone messages for Mr. Matuszczak. In the first message petitioner asked Mr. Matuszczak to contact the Department of Justice (DOJ) regarding her lawsuit against a former U.S. attorney. In the second she asked whether he had contacted a DOJ attorney about the lawsuit and said she wanted information about the lawsuit. In her second message petitioner also requested a 90-day continuance on the CDP conference. Mr. Matuszczak declined petitioner's requests; he left a message explaining that Appeals does not conduct investigations or make third-party contacts and stated that he would not grant a 90-day continuance for the CDP conference.

On October 16, 2019, petitioner called Mr. Matuszczak for the CDP conference. Petitioner requested a second CDP hearing to be held 90 days from the date of the CDP conference. She stated that she would file all the delinquent returns and make arrangements to pay the tax liabilities by that date.

Petitioner reiterated during the CDP conference that she was expecting $20 million as a result of a lawsuit against a former U.S. attorney. Petitioner also requested that her case be transferred to an Appeals office in California because she believed the DOJ was using Appeals in Connecticut, out of which Mr. Matuszczak worked, to get at petitioner. Petitioner also wanted a California settlement officer who, she stated, better understood the economy of California.

During the CDP conference petitioner stated that she had completed the Form 433-A apart from one item and that her representative would call with information about her lawsuit so that Mr. Matuszczak could complete that item. Mr. Matuszczak discussed the provisions governing installment agreements and, at his own initiative, offers-in-compromise with petitioner during the CDP conference. He also advised petitioner she did not qualify for those alternatives because of the delinquent returns, and in response, petitioner said she would send the delinquent returns and Form 433-A the following week.

On October 17, 2019, Mr. Matuszczak closed the case and upheld the collection action since petitioner was not in filing compliance and had not submitted the requested documents.  Though Mr. Matuszczak subsequently received a signed Form 433-A, he did not receive any of the delinquent returns from petitioner.

On November 15, 2019, Appeals issued to petitioner the notice of determination upholding the filing of the NFTL.  Mr. Matuszczak drafted the notice of determination, and an Appeals team manager reviewed and signed it.  Mr. Matuszczak noted that petitioner was not in current compliance with her personal income tax return filing requirements and determined that the IRS followed appropriate law and guidance in filing the NFTL.  Mr. Matuszczak concluded that petitioner did not qualify for a collection alternative because she had not filed the delinquent returns.  Mr. Matuszczak also determined that the NFTL balanced the need for efficient tax collection with petitioner's concern that any collection action be no more intrusive than necessary.

On December 16, 2019, the Court received and filed petitioner's timely mailed petition.  Petitioner resided in California at that time.  In her petition she contended that the notice of determination is "fraudulent upon its face" and that Mr. Matuszczak failed to assist her in getting information necessary for her Form

433-A. Petitioner repeated her contention that she is owed a $20 million judgment from an "illegitimate" former U.S. attorney and alleged the Appeals office in Connecticut was biased against her for that reason. Petitioner did not seek to challenge the "underlying tax liability" that respondent seeks to collect through the filing of the NFTL.

## Discussion

I.    Summary Judgment

   A.    Background

In his motion for summary judgment respondent argues that, through the actions of Appeals and specifically Mr. Matuszczak, respondent did not abuse his discretion in denying petitioner a second hearing because petitioner failed to submit the delinquent returns, as requested. Similarly, respondent argues that it was not an abuse of his discretion for Mr. Matuszczak to deny petitioner's request for an installment agreement where she had not filed the delinquent returns. Respondent further contends that he did not abuse his discretion when Mr. Matuszczak denied petitioner's requested transfer of her case to California, considering that she did not provide any support for her assertions that the DOJ was somehow using the Appeals office in Connecticut to "get back at" petitioner.

Finally, respondent argues that Appeals complied with the requirements of section 6330(c)(3), and Mr. Matuszczak submitted a declaration to that effect.

On February 4, 2021, the Court heard respondent's motion for summary judgment. Initially, petitioner asked for a continuance of the hearing because of "the fluid situation that was brought to the attention of the IRS and of the Court." Petitioner again stated that an "illegitimate" former U.S. attorney had targeted her and that she was due a judgment which he refused to pay. She requested additional time to bring her "case file current."

Respondent's position at the hearing was that petitioner was not in compliance with her filing obligations and for that reason an installment agreement could not be granted; respondent's counsel noted that he checked her tax transcripts (as maintained by the IRS) on the day of the hearing and no Form 1040 was shown as filed for 2016, 2017, or 2018. Thus, respondent argued we could rule on his motion for summary judgment and no additional time was necessary.

The Court denied petitioner's request for a continuance. Petitioner, in opposition to the motion for summary judgment, contended that a former U.S. attorney's failure to pay judgment money had led to this state of affairs. At the hearing petitioner acknowledged that she was still delinquent in filing the

delinquent returns by the time of the CDP conference. Petitioner also conceded that a May 2019 letter advised her that she was delinquent in her filing obligations. Petitioner requested more time to submit a "summary." The Court granted petitioner 30 days to submit written argument in opposition to the motion for summary judgment.

On March 15, 2021, petitioner filed a response to respondent's motion for summary judgment, repeating claims that she had previously made in a letter of demands dated December 14, 2019.[4] She contended that IRS personnel failed to adhere to IRS mission statements in failing to acknowledge an allegedly "illegitimate" and "corrupt" former U.S. attorney. Petitioner's written response centers on this former U.S. attorney, and petitioner requests that we question an IRS official and assist in combating "extensive conspiratorial treasons" at high levels of Government. Petitioner's response does not seek to challenge, nor even make any mention of, the "underlying tax liabilities" that respondent seeks to collect through the filing of the NFTL.

---

[4]On March 11, 2021, petitioner also filed a letter addressed to respondent's counsel, in which she sought assistance with a broad range of information requests. Since her March 15 response petitioner has also filed additional documents with the Court, including a letter dated February 4, 2021, handwritten notes, a second copy of her response, and a letter of demands dated December 14, 2019, filed on April 6, 2021.

B.  Applicable Law

A party may move for summary judgment regarding all or any part of the legal issues in controversy.  See Rule 121(a); Wachter v. Commissioner, 142 T.C. 140, 145 (2014).  We may grant summary judgment if the pleadings, stipulations and exhibits, and any other acceptable materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  See Rule 121(a) and (b); see also CGG Americas, Inc. v. Commissioner, 147 T.C. 78, 82 (2016); Elec. Arts, Inc. & Subs. v. Commissioner, 118 T.C. 226, 238 (2002).  However, we have recently observed in an analogous setting involving whistleblower claims that

> this summary judgment standard is not generally apt where we must confine ourselves to the administrative record to decide whether there has been an abuse of discretion.  * * * [I]n a "record rule" whistle-blower case there will not be a trial on the merits.  In such a case involving review of final agency action under the APA, summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. * * *

Van Bemmelen v. Commissioner, 155 T.C. at 64, 78-79 (2020).  We consider that this principle applies here as well, where (as discussed below) we decide through summary judgment on the basis of the administrative record whether Mr. Matuszczak's determination was an abuse of discretion.

## II.    Standard and Scope of Review

Where, as here, the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  See Goza v. Commissioner, 114 T.C. 176, 182 (2000).  In reviewing for abuse of discretion, we must uphold the administrative determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166 and aff'g in part, vacating in part decisions in related cases; Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  Furthermore, our review is limited to the record when the Commissioner rendered his decision.  Keller v. Commissioner, 568 F.3d at 718 (citing Robinette v. Commissioner, 439 F.3d 455, 459 (8th Cir. 2006), rev'g 123 T.C. 85 (2004)).

## III.    Closure of the CDP Hearing

It is not an abuse of discretion for Appeals to move ahead with its final determination after an Appeals officer gives a taxpayer an adequate timeframe to submit requested items and the taxpayer fails to submit those items.  See Pough v. Commissioner, 135 T.C. 344, 351 (2010).

IV.   Our Analysis

    A.   Whether Respondent Met the Requirements of Applicable Law and Administrative Procedure

Before issuance of a notice of determination Appeals must verify that all requirements of applicable law and administrative procedure have been met.  Sec. 6330(c)(1), (3)(A).  Here, Mr. Matuszczak determined that respondent had followed the requirements of applicable law and administrative procedure in filing the NFTL.  The notice of determination noted that the liabilities were duly assessed, and the requisite notices were timely mailed to petitioner.  There is no evidence before the Court that the requirements of applicable law and administrative procedure were not satisfied.  Accordingly, we conclude that Mr. Matuszczak did not abuse his discretion in making his determination as to this requirement.

    B.   Relevant Issues Raised by Petitioner

Appeals is required to consider any relevant issue raised by a taxpayer during a hearing, including challenges to the appropriateness of collection action and collections alternatives offered by the taxpayer.  Sec. 6330(c)(2)(A), (3)(B).  We conclude that Mr. Matuszczak did not abuse his discretion in his determination as to this requirement either.  Mr. Matuszczak explained to petitioner in his letter

dated September 4, 2019, that she must provide the signed delinquent returns and Form 433-A within 21 days, but she failed to do so by that deadline or by the time of the CDP conference on October 16, 2019. For that reason, Mr. Matuszczak did not abuse his discretion in his determination that petitioner was not eligible for an installment agreement because of her filing noncompliance. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007) (noting that IRS guidelines require a taxpayer to be in filing and payment compliance to qualify for an installment agreement); see also Pough v. Commissioner, 135 T.C. at 351.

Furthermore, petitioner has not offered a nonfrivolous argument or evidence for why a second hearing or a transfer of her case to an Appeals office in California would have somehow altered Appeals' final determination. A transfer of her case to a California Appeals office would not change her filing noncompliance. Considering that petitioner failed to submit the delinquent returns and Form 433-A within a reasonable time, it was not an abuse of discretion for Mr. Matuszczak to refuse her request for a second hearing or to transfer the case to a California Appeals office. See Pough v. Commissioner, 135 T.C. at 351.

Petitioner's opposition to respondent's motion for summary judgment essentially seeks to further her claim of an alleged illegitimate scheme by a former U.S. attorney who, she asserts, owes her a large judgment. This contention is not,

however, within the limited purview of this Court's judicial review of whether Appeals abused its discretion in the CDP conference. Many of petitioner's current demands, such as those set forth in the letter of demands dated December 14, 2019, and repeated in the various filings petitioner has made since the hearing on respondent's motion for summary judgment, were not before Mr. Matuszczak at the time of the CDP conference. Petitioner has not identified legal authority or otherwise shown how Mr. Matuszczak abused his discretion in declining to contact a third party to verify a lawsuit and in relying upon information submitted by petitioner.

C.    Balancing the Need for Efficient Collection of Taxes With Concerns That Collection Be No More Intrusive Than Necessary

The final item to consider is "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). Mr. Matuszczak performed a balancing test, concluding that the NFTL did balance the needs of collection with the concerns of petitioner. Accordingly, we hold that Mr. Matuszczak did not abuse his discretion in so concluding. See Pough v. Commissioner, 135 T.C. at 352.

Considering the foregoing, summary judgment for respondent is appropriate in this matter.

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein we consider them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.