T.C. Summary Opinion 2021-25

UNITED STATES TAX COURT

HYRUM MCKAY BATES AND KATHERINE CALL BATES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4412-20SL.                          Filed August 12, 2021.

Hyrum McKay Bates and Katherine Call Bates, pro sese.

Michael T. Garrett and Melinda K. Fisher, for respondent.

SUMMARY OPINION

MARVEL, Judge:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]All section references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Pursuant to section 6330(d), petitioners seek review of respondent's determination to sustain a notice of Federal tax levy with respect to petitioners' unpaid Federal income tax reported on Forms 1040, U.S. Individual Income Tax Return, for tax years 2013, 2014, 2015, 2016, and 2017. The issue for decision is whether respondent abused his discretion in sustaining the proposed levy against petitioners. For the reasons that follow, we will sustain respondent's determination.

## Background

Some of the facts have been stipulated. The stipulation of facts and facts drawn from stipulated documents are incorporated herein by this reference. Petitioners resided in Utah when they filed their petition.

Petitioners, Hyrum McKay Bates and Katherine Call Bates, are a married couple who filed joint income tax returns for tax years 2013, 2014, 2015, 2016, and 2017. Mr. Bates is employed as an architectural designer working primarily in Utah to build custom homes for private clients. For each of the tax years 2013 through 2017, petitioners' tax return reflected a balance due. Respondent assessed

the tax reported for each tax return together with interest and additions to tax and notified petitioners of the balance due.

On November 5, 2018, respondent sent each petitioner a Notice LT11, Notice of Intent to Levy and Notice of Your Right to a Hearing, for tax years 2013, 2014, 2015, 2016, and 2017. Petitioners, through their representative Kimberly Hall, timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing (hearing request), which respondent received on November 30, 2018. In their hearing request petitioners checked boxes indicating that they were requesting as a collection alternative an installment agreement, an offer-in-compromise (OIC), or a determination that they could not pay their balance. In addition petitioners checked the box requesting section 6015 relief for Ms. Bates.[2] Petitioners did not dispute the underlying income tax liabilities.

Petitioners' case was assigned to Settlement Officer (SO) Shirley Rivers. On June 14, 2019, the SO sent a letter to petitioners and petitioners'

---

[2]Because petitioners did not raise the issue in their petition, petitioners' request for sec. 6015 relief for Ms. Bates is deemed conceded. See Rule 331(b)(4). Further, petitioners failed to submit Form 8857, Request for Innocent Spouse Relief, with the collection due process request as instructed and did not introduce any evidence at the administrative hearing or at trial to support Ms. Bates' request for relief from joint and several liability on a joint return under sec. 6015. See Rule 149; Schuman v. Commissioner, T.C. Memo. 2019-137.

representatives, Ms. Hall and Stefanie Dremel, scheduling a telephone hearing for July 9, 2019. In the letter the SO requested that petitioners provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, as well as proof that they had made estimated tax payments for tax year 2019.

During the hearing, which took place on July 9, 2019, petitioners' representatives and the SO discussed and tentatively agreed to a monthly installment amount. Petitioners' representatives asked the SO to prepare and to fax a completed Form 433-D, Installment Agreement, reflecting the monthly installment agreement. The SO prepared and faxed the Form 433-D on July 9, 2019, and gave petitioners until July 16, 2019, to execute and return it. Neither petitioners nor petitioners' representatives returned a signed Form 433-D to the SO, and on January 16, 2020, the SO closed the case. On January 30, 2020, the Internal Revenue Service (IRS) issued a notice of determination sustaining the proposed levy.[3]

---

[3]On April 15, 2019, respondent granted an extension of time, to October 15, 2019, for petitioners to file their 2018 income tax return. Petitioners did not file their 2018 income tax return until January 13, 2020. That return showed a balance due, which petitioners did not pay when they filed the return. Although the unpaid 2018 income tax liability is not at issue, the SO identified the additional liability and concluded that the monthly installment amount reflected in the Form 433-D

- 5 -

Discussion

The Court has jurisdiction to review the Appeals Office's determination concerning collection actions when the taxpayer timely petitions for review. Sec. 6330(d)(1). Where the validity of a taxpayer's underlying liability is properly at issue, we review the Appeals Office's determination with respect to that issue de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other Appeals Office determinations for abuse of discretion. Id. at 182. Because petitioners do not dispute their underlying tax liabilities, we review the determination only for abuse of discretion.

To establish an abuse of discretion, the taxpayer must show that the determination was arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In deciding whether the Appeals Office abused its discretion, we consider whether the SO verified that the requirements of any applicable law or administrative procedure had been met, considered any relevant issues raised by the taxpayer, and balanced the need for efficient collection of taxes with the

would have to be increased, in any event, to take into account the unpaid 2018 tax liability.

taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(1)-(3).

Petitioners contend that the Appeals Office abused its discretion in sustaining the levy. Generally, the Tax Court does not independently review whether an OIC or other collection alternative is acceptable. Murphy v. Commissioner, 125 T.C. at 320. It is not an abuse of discretion for the Appeals Office to sustain a levy without considering any collection alternatives when the taxpayer did not agree to any. Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). It is also not an abuse of discretion to sustain a levy if the taxpayer fails to submit the requested information by a reasonable deadline set by the SO. See Pough v. Commissioner, 135 T.C. 344, 351 (2010).

Our review of the record establishes that the SO verified that the requirements of applicable law or administrative procedure had been met and discussed with petitioners' representatives the terms for an installment agreement. The SO and petitioners' representatives tentatively agreed to those terms, and on July 9, 2019, the SO prepared and faxed to petitioners' representatives a Form 433-D, which reflected those terms. The SO afforded petitioners six months to sign and return the Form 433-D, but petitioners did not do so. The amount of time the SO allowed before closing petitioners' case was reasonable and adequate for

them to submit a signed Form 433-D. When petitioners did not respond, the SO closed their case after considering the issues they properly raised and performing the analysis required by section 6330(c); and the IRS issued a notice of determination sustaining the proposed levy. On this record, we conclude that the Appeals Office did not abuse its discretion by sustaining the levy action against petitioners.

We have considered the remaining arguments of both parties for results contrary to those expressed herein, and, to the extent not discussed above, we find those arguments irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.