NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 10, 2021
Decided February 9, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2269

| | |
|---|---|
| CRAIG L. GALLOWAY,<br>    *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| *v.* | No. 18722-18L |
| COMMISSIONER OF INTERNAL<br>REVENUE,<br>    *Respondent-Appellee*. | Patrick J. Urda,<br>*Judge*. |

**O R D E R**

In 2015, Craig L. Galloway had an unpaid federal income tax liability of $64,315.43. While this amount is certain to have changed since then, the exact current size of the liability is irrelevant, except for the fact that it has not been paid in full.

In an attempt to settle his tax liability, Galloway submitted two offers-in-compromise ("OIC") to the IRS Centralized Offer in Compromise ("COIC") unit. The first OIC, dated March 2, 2016, was rejected because the IRS determined that "the amount offered [wa]s less than [Galloway's] reasonable collection potential," and that he could "pay the amount due in full." Galloway did not appeal.

Instead, Galloway submitted another OIC on January 30, 2017 ("2017 OIC"), which was rejected for the same reason. This time he appealed to the IRS Independent Office of Appeals, attaching a letter that explained why he thought the 2017 OIC should be reconsidered. He disputed the inclusion of his home equity in the calculation of his assets, and he argued that his average monthly income was much less than the IRS estimated because the "one-month snap shot" it took was unusually high. The Office of Appeals affirmed the rejection on February 1, 2018, finding that "[t]he amount [Galloway was] able to pay exceed[ed] the amount of [his] offer."

On March 20, 2018, the IRS sent Galloway a Notice of Federal Tax Lien Filing and informed him of his right to a Collection Due Process ("CDP") hearing under 26 U.S.C. § 6320. Galloway requested a CDP hearing and submitted a Statement of Reasons, in which he contended that the IRS's rejection of his 2017 OIC was improper because its conclusion that he could pay the full amount of his liability was based on an incorrect calculation. He also asserted that, "[a]t a minimum, … a different offer amount should be discussed and negotiated."

The CDP hearing was held by phone on July 19, 2018. Although the purpose of the CDP hearing was to allow Galloway to challenge the filing of the federal tax lien, he instead rehashed the rejection of his 2017 OIC and the method used to calculate his ability to pay his tax liability. The hearing officer told Galloway that he could submit a new offer by the end of July if his income had changed, but that it would be "an unnecessary burden" to resubmit the same offer, as the result would be the same. Galloway never submitted another offer or responded to follow-up inquiries, and so the officer issued a Notice of Determination sustaining the lien filing.

Galloway appealed to the Tax Court but fared no better. The Tax Court granted summary judgment to the Commissioner of Internal Revenue because it determined that Galloway was precluded by statute from raising his challenge to the 2017 OIC. He now appeals.

Our review is the same for Tax Court decisions as it is for "decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1); *see also Our Country Home Enters., Inc. v. Comm'r*, 855 F.3d 773, 783 (7th Cir. 2017). Therefore, we review the Tax Court's grant of summary judgment *de novo. Our Country Home Enters., Inc.*, 855 F.3d at 783. "When a taxpayer's underlying tax liability is not a proper issue in the case, this Court reviews the Office of Appeals's administrative determinations for abuse of discretion." *Jeffers v. Comm'r*, 992 F.3d 649, 653 (7th Cir. 2021).

The Tax Court's review of a Notice of Determination issued following a CDP hearing "is limited to the issues raised in the CDP hearing." *Our Country Home Enters., Inc.*, 855 F.3d at 780 (citing *Goza v. Comm'r*, 114 T.C. 176, 182–83 (2000)); Treas. Reg. § 301.6320-1(e)(3), Q&A-E11 (2021) (noting that precluded issues are "not reviewable by the Tax Court because [they are] not properly part of the CDP hearing"). "An issue may not be raised at the [CDP] hearing if … (i) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and (ii) the person seeking to raise the issue participated meaningfully in such hearing or proceeding." 26 U.S.C. § 6330(c)(4)(A); *see also* § 6320(c) (noting that subsection (c) of § 6330 applies to hearings under § 6320).

Galloway raised his challenge to the 2017 OIC rejection in his January 30, 2017 appeal to the Office of Appeals. That appeal was an "administrative proceeding" that satisfies the requirement of § 6330(c)(4)(A)(i). *See Our Country Home Enters., Inc.*, 855 F.3d at 791. And Galloway "participated meaningfully" in that proceeding. He submitted a letter that detailed his specific objections to the way the 2017 OIC was handled. As the Tax Court put it, "he had an opportunity to explain his position … and he took full advantage of it."

Therefore, Galloway was precluded from raising the same issue at the CDP hearing. Consequently, the issue falls outside of the limited authority the Tax Court has to review decisions of the IRS, which means that it also falls outside of our authority to review decisions of the Tax Court. In short, Galloway is barred from raising this issue in our court, and so summary judgment was proper. We AFFIRM.